## Jacob DeFoe v. The People.

*Charge of the court: Prisoner's statement: Error.* A defendant on trial for an intent to commit a rape, having made a statement under the statute, that "all the allegations of the prosecution are false and untrue, and that he had never insulted her in his life," it is error for the court to charge the jury that "the statement of defendant does not, however, directly deny the assault. This silence would go far to confirm the testimony of the plaintiff." His assertion that "all her allegations"—of which the assault was one,—were false and untrue, was a direct denial of the assault.

The "statement" of a defendant, on trial for a criminal offence, when he chooses to make one, may be considered by the jury, in view of all the circumstances which may affect its credit; nor can he claim any protection from the effect of significant omissions, on the ground that he is not required to criminate himself.

*Heard January 4. Decided January 10.*

Error to Eaton circuit.

*Shaw & Pennington,* for plaintiff in error.

*Dwight May,* Attorney General, and *W. M. Brown,* for defendants in error.

CHRISTIANCY, J.

The charge in the information was of an assault with intent to commit a rape. The prosecutrix gave evidence tending to show an assault with the intent charged, by the defendant, who was a physician, and that it took place in his room or office while, as such physician, he was treating her arm for some malady for which she had several times before been treated by him at the same place.

Her evidence was not confirmed by that of any other witness as to any of the more important facts going to establish the truth of the charge; but was contradicted as to several important circumstances by other witnesses.

The defendant on the trial, as permitted by the statute, made a statement in his own behalf, of the facts and cir-

cumstances on the occasion alluded to by the prosecutrix, as he claimed them to be. This, as stated in the bill of exceptions, was, so far as material to be noticed here, as follows: "And defendant's counsel further gave in evidence, by the statement of the defendant in said cause, that all the allegations of the prosecutrix were false and untrue," and "that he never insulted her in his life."

The court, in his charge to the jury, after some comments upon defendant's statement, which are admitted to have been fair and correct, added the following, which is complained of as erroneous: "The statement of defendant does not, however, directly deny the assault. This silence would go far to confirm the testimony of the complainant."

If, as we are bound to assume, the bill of exceptions correctly sets forth the defendant's "statement," and its effect, that "all the allegations of the prosecutrix were false and untrue," and that "he never insulted her in his life," then this part of the charge was certainly erroneous, in assuming as a fact what the bill of exceptions shows not to have been as thus assumed.

The direct denial that "he had ever insulted her in his life" must certainly be regarded in the connection in which it is found and with reference to her testimony, as a direct denial of the assault which her testimony tended to prove. And if his statement tended to show that "all her allegations" (of which the assault was one), were false and untrue, this was a clear and sufficiently direct denial of the assault.

Had the record, however, confirmed the omission of the denial assumed as a fact in the charge, we are not prepared to agree with the counsel for the plaintiff in error that such omission could have no tendency to confirm the testimony of the prosecutrix in reference to the assault.

. The statement of a prisoner in such a case, does not stand upon the same ground, and is not to be governed by the same considerations in this respect, as the testimony of a witness refusing to answer a question which might criminate himself.

The statement is not upon oath. It is optional with the prisoner whether he will avail himself of the privilege of making any statement at all. If he choose to decline making any statement, no inference is to be drawn against him for the omission. But as it may be presumed that he will only elect to make a statement when he believes it will operate in his favor, and he is under the strongest temptation to make it as favorable to himself as he can, without running the risk of being disbelieved, and the jury, as we have already held, may give it such credence as they may think it is entitled to, even in opposition to sworn testimony, it is of the utmost importance that the jury should be allowed to test its credibility by a full and critical examination, its consistency or inconsistency with the circumstances of the case which are satisfactorily proved, by the consideration whether it is apparently full, frank and without reserve, or evasive as to important facts which must have been within his knowledge, or confined to some comparatively unimportant circumstances, or to those upon which he could not be contradicted if false. And in determining the credit to which they may think it entitled, they are not to be precluded by any artificial rule from giving full weight to every consideration, or to any feature of such statement which may tend in any way to produce belief or disbelief, either of the statement itself or of the evidence of witnesses to which it relates. Such statement may be just as significant in what it omits as in what it contains: and its omissions as well as its contents may tend to corroborate or impair the effect of the testimony upon

which it may happen to bear: and the jury have a right to give it such weight in this, and all other respects, as, under all the circumstances of the case, they may think it entitled to: and it cannot, therefore, be erroneous in the court to instruct them that they have such right.

The judgment must be reversed, and a new trial awarded.

The other Justices concurred.