[Blackburn v. The State.]

# Blackburn *v.* The State.

*Indictment for Grand Larceny.*

1.  *Statement by defendant in criminal case ; its nature.*—The statement
of facts which a defendant in a criminal case is authorized to make in his
own behalf, under the act approved December 2d, 1882 (Pamph. Acts,
1882–83, p. 4), being in the nature of evidence, and submitted to the jury
in that character, it is subject to the ordinary intrinsic tests of credibility
governing the sworn testimony of witnesses ; and hence, the jury, in de-
termining its weight, may consider the character of the defendant, if le-
gitimately in evidence, his demeanor on the stand, his intelligence, the
accuracy of his memory, the inherent probability of his statement, its
consistency with itself and the other circumstances of the case, or the
lack of these elements of veracity, together with other considerations li-
able to affect the credibility of the statement, or afford any reasonable
presumption of its probability or improbability.

2.  *Same ; what weight entitled to.*—While the jury can not arbitrarily
or capriciously discard the statement, any more than they can technical
evidence, it is entitled only to such weight, in influencing their verdict,
as they may, in good conscience and justice, see fit to give it ; and it is
clearly not necessary that the statement should be corroborated by other
independent testimony, in order to authorize the jury to believe it.

3.  *Same ; when charge upon weight of, erroneous.*—A charge requested
by a defendant in a criminal case, embodying an instruction to the jury,
that his statement "is to be given no less credence on account of its not
being made under oath," being an improper infringement upon the pro-
vince of the jury, was, for that reason, properly refused.

APPEAL from the City Court of Selma.

Tried before Hon. JON. HARALSON.

At the January term, 1883, of said court, Lewis Blackburn, the
defendant, was indicted for the larceny of a hog, and at a subse-
quent term he was tried and convicted.  The bill of exceptions
shows that no direct evidence of the defendant's guilt was in-
troduced on the trial, but that a conviction was had on certain
circumstantial evidence ; that the defendant made a statement
to the jury under the act of December 2d, 1882, which tended
"to contradict and disprove" the evidence for the State.  The
court charged the jury, *ex mero motu,* "that they might be-
lieve such statement or not, at their pleasure, giving it such
weight as they might believe it entitled to."  The defendant
asked the court in writing to charge the jury "that the state-
ment of the facts in the case, made by the defendant, is to be
given no less credence on account of its not being made under
oath."  This charge the court refused.  The defendant reserved

exceptions to these rulings of the lower court, and here assigns them as error.

B. F. SAFFOLD, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The indictment is for the stealing of a hog, which is made a felony by the statute, the evidence as to the identification of the property being circumstantial in its character.

The questions raised involve the proper construction of the recent act of the General Assembly, approved December 2, 1882, of which the defendant availed himself on the trial, providing that in all criminal trials "it shall be competent for defendants to make a statement as to the facts in their own behalf, but not under oath." This is the substance of the whole enactment, with the further provision, "that should any defendant fail to make a statement as provided for in the previous (or first) section, it shall not militate or be made the subject of comment against him."—Acts 1882–83, pp. 4–5.

At common law, as is well known, the defendant was often accorded the right to make a statement in the nature of an address to the jury in his own behalf, at least in capital cases. This right has also been more recently allowed in cases not capital, the authorities in England not being uniform as to whether it may be exercised only in cases where the defendant has no aid of counsel.—Whart. Cr. Ev. § 427. We have a constitutional guaranty, common, no doubt, to all the American States, that "in all criminal prosecutions the accused has a right to be heard by himself and counsel, or either."—Const. 1875, Art. I, Sec. 7. In *The State v. McCall*, 4 Ala. 643, a similar provision in the constitution of 1819 was construed by this court not to authorize the accused to make a statement of facts to the jury, unless it was "authorized by the evidence adduced." The intention of the decision was very clearly to confine this statement to a mere explanation of the facts already in evidence, not extending beyond inferences or comments in the nature of an argument of counsel. The statement was not accorded the force of independent evidence, in the proper acceptation of this term. The practice in this State has always been in uniform harmony with this rule.

In the enactment of the new statute under consideration, we can entertain no doubt of the fact that a new privilege was intended to be conferred on defendants in criminal cases, differing very materially from that previously existing. The statement of facts authorized to be made is certainly in the nature of evi-

dence, and is submitted to the jury in that character. "The word evidence," as said by Mr. Greenleaf, "in legal acceptation, includes all the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved."—1 Greenl. Ev. § 1; 1 Stark. Ev. 10; 1 Phil. Ev. 1. Such statement is subject, in our opinion, at least to the ordinary intrinsic tests of credibility governing the sworn testimony of witnesses. The character of the defendant, if legitimately in evidence, may be considered, his demeanor on the stand, his intelligence, the accuracy of his memory, the inherent probability of his statement, its consistency with itself and the other circumstances of the case, or the lack of these elements of veracity, together with many other considerations liable to affect the credibility of the statement, or afford any reasonable presumption of its probability or improbability. Stark. Ev. (Sharswood) 820. In Beasley's case, decided at the present term, *post*, p. 328, it is held that the defendant's statement is a legitimate subject of comment by the counsel for the accused in the argument of the case at the bar. And in Chappell's case, at present term, *post*, p. 322, it is decided that the defendant, in making his statement as authorized by statute, does not become a witness for himself to such an extent as to authorize his examination or cross-examination as in the case of witnesses testifying under oath. The correct principle is, in our judgment, that while the jury can not arbitrarily or capriciously discard it, any more than they can technical evidence, "the statement" is entitled only to such weight, in influencing their verdict, as they may, in good conscience and justice, see fit to give it. Clearly it is not necessary that it should be corroborated by other independent testimony in order to authorize the jury to believe it. The charge given by the court was not in conflict with these views, and was correct. It can not be properly maintained, as insisted by the charge requested by defendant, that his unsworn statement is entitled, as matter of law, to the same credit as if it had been made under oath. Such an arbitrary rule would be an improper infringement upon the province of the jury, whose exclusive right it is to determine the weight of the evidence. It is true that the statement of one defendant, although not under oath, may, in certain cases, be more credible than that of another defendant who is under oath. This, however, is not the conception involved in the charge under consideration. An oath involves the idea of calling upon Deity to witness what is averred as truth, and it is supposed to be accompanied with an invoking of his vengeance, or a renunciation of his favor, in the event of falsehood. Its purpose is to purge the conscience, and impress the witness with a due sense of religious obligation, so as

21

[Chappell v. The State.]

to secure the purity and truth of his testimony under the influence of its sanctity. When subjected to the sanction of an oath, moreover, and formally sworn, a witness is exposed to the penalty of a prosecution for perjury, if he testify falsely and corruptly. The General Assembly, in the enactment of this statute, has seen fit to remove this temptation to perjury by permitting the statement to be made not under oath. It certainly can not be said, as matter of law, that the absence of the oath shall not authorize the jury to consider the statement less credible than if it were legally made under the sanction of an oath. "There can be no test," say the Supreme Court of Michigan, in commenting on a similar statute in that State, "for the comparative weight which the statement or the sworn evidence shall have with the jury, but the greater or less conviction of its truth, which either may, in fact, produce upon their minds, after taking into consideration the temptation under which the defendant is placed in making his statement, and all the evidence and circumstances of the case."—*Durant v. The People*, 13 Mich. 351, 356.

These views are fully supported by authority. A statute existing in the State of Michigan provides that defendants, in criminal cases, "shall be at liberty to make a statement to the court or jury, and may be cross-examined upon such statement." Compiled Laws (Mich. 1871) Vol. 2, p. 1715–16. The decisions of the Supreme Court of that State, construing this statute, are in full accord with the above views.—*People v. Arnold*, 40 Mich. 710; *People v. Jones*, 24 Mich. 215; *DeFoe v. People*, 22 Mich. 224; *Durant v. People*, 13 Mich. 351, *supra*.

We find no error in the record and the judgment is affirmed.

---

*Blackburn's case, supra; Beasley's case, post,* p. 328, and *Chappell's case, infra,* were considered together, and were decided at the same time; and hence, the reference in each case to the others.—REP.