### PEOPLE *v.* SMITH.

1. PERJURY—EVIDENCE—TESTIMONY BEFORE GRAND JURY ADMISSIBLE.

    Under 3 Comp. Laws 1929, § 17233, testimony of witness taken before grand jury may be used against him on his trial for perjury.

2. WITNESSES—PRIVILEGE—WAIVER.

    Privilege against self-incrimination is personal one, and may be waived or asserted at option of witness.

3. SAME—APPLICABILITY OF GENERAL RULE.

    Generally, where one is subpœnaed before grand jury and testifies, he is held to have waived his privilege, although not advised of his constitutional right to refuse to answer incriminating questions, but said rule is not applicable where witness is in custody accused of crime at time testimony is taken, where he is brought before jury for sole purpose of securing evidence on which to indict him, or where he is too ignorant to protect himself.

---

As to necessity of claiming constitutional protection against being compelled to give incriminating evidence, see annotation in 4 L. R. A. (N. S.) 1144.

On waiver of constitutional exemption, see annotation in 28 L. R. A. 703.

As to witnesses before grand jury, generally, see annotation in 28 L. R. A. 321.

4. SAME—PERJURY—EVIDENCE—PRIVILEGE.
In prosecution for perjury based on defendant's testimony before grand jury, there was no error in admitting said testimony.

5. CRIMINAL LAW—INDORSING WITNESS' NAME ON INFORMATION.
Where, during prosecution for perjury, prosecutor learned of material witness for prosecution, it was his duty to apply at once to court for leave to amend his bill of particulars and add name of said witness to information.

6. SAME—RIGHT OF DEFENDANT TO KNOW WITNESSES AGAINST HIM.
Right of defendant in criminal case to know in advance what witnesses are to be produced against him is substantial right, and not mere formality.

7. SAME—EVIDENCE—FAILURE TO INDORSE WITNESS' NAME RENDERED TESTIMONY INADMISSIBLE.
Where, during trial of perjury case, prosecutor learned of material witness for prosecution, but failed to indorse witness' name on information or excuse his failure to do so, admission of testimony by said witness was reversible error.

Appeal from Oakland; Gilbert (Parm C.), J., presiding. Submitted October 16, 1931. (Docket No. 216, Calendar No. 35,869.) Decided March 2, 1932.

Moe David Smith was convicted of perjury. Reversed, and new trial granted.

*Pelton & McGee,* for appellant.

*Paul W. Voorhies,* Attorney General, *Philip H. Robinson,* Assistant Attorney General, *Clarence L. Smith,* Prosecuting Attorney, and *Edward J. Fallon,* Assistant Prosecuting Attorney (*H. B. Selden,* of counsel), for the people.

McDONALD, J. The defendant has appealed from a conviction on a charge of perjury based on his testimony before a grand jury sitting in the county of Oakland, Michigan. The jury was investigating as

to the commission of crime in the letting of contracts by the school board in the township of Royal Oak. The defendant was called by subpœna to appear for questioning with reference to having solicited money for his influence with the school board in the awarding of certain contracts and as to receiving $300 from one Richard H. McGeorge for his influence in securing a contract. Based on his answers to questions touching those matters, he was indicted by the jury for perjury.

On the trial, the prosecuting attorney offered in evidence the defendant's testimony taken before the grand jury. Objection was made on the ground that when it was taken he was not advised as to his constitutional privilege in regard to answering questions that might tend to incriminate him, and that he did not waive the privilege by answering them. The court's ruling in denying this objection presents the first question for our consideration.

The defendant attended the grand jury in obedience to a subpœna. He was not in custody and was not charged with any crime. He was just an ordinary witness. He was not compelled to testify, but was not advised that he could claim his constitutional privilege and refuse to give evidence that might tend to incriminate him. He answered all questions without objection and now claims his constitutional right was violated and that his testimony there taken cannot be used against him in this trial.

The statute, 3 Comp. Laws 1929, § 17233, permits the testimony of a witness taken before a grand jury to be used against him on his trial for perjury. In this case it was properly received, unless taken in violation of his constitutional privilege.

In his work on Evidence, p. 477, § 285, Justice POTTER says:

"The privilege against self-incrimination is a personal one and may be waived or asserted at the option of the witness. Where one is subpœnaed before a grand jury and testifies, he is held to have waived his privilege."

The rule of the text is supported by Michigan authority and by current opinion in other jurisdictions.

In *People* v. *Arnold,* 40 Mich. 710, 713, this court said:

"No doubt the witness might have declined to answer under the acknowledged rule, that no one can be compelled to incriminate himself. But this is matter of personal privilege which a witness may waive, and is not a ground of objection by the people, and here the witness did not object, and we cannot assume but that he was not only willing, but desirous to answer."

In *People* v. *Lauder,* 82 Mich. 109, 119, 121, it is said:

"A party may waive personal rights, although secured to him by law or by the Constitution. * * *
"In all cases where a personal privilege exists for a witness to testify or not, if such witness does testify without objection he will be deemed to have done so voluntarily."

In Underhill on Criminal Evidence (2d Ed.), p. 449, it is said:

"The right to refuse to answer incriminating questions is personal to the witness. To preserve his right he must himself object. If he wishes to answer he may do so."

*State* v. *Duncan,* 78 Vt. 364 (63 Atl. 225, 4 L. R. A. [N. S.] 1144, 112 Am. St. Rep. 922, 6 Ann. Cas. 602),

approves the holding in *People* v. *Lauder, supra,* and says:

"But the privilege is an option of refusal, not a prohibition of inquiry. Hence, when an ordinary witness is on the stand, and a self-incriminating act relevant to the issue is desired to be shown by him, the question may be asked, and then it is for the witness to say whether he will answer it or claim his privilege, for it cannot be known beforehand which he will do."

To summarize the pronouncements of the courts and text writers on the question of self-incriminating evidence, it appears to be well settled that, if a witness wishes the benefit of the privilege, he must claim it; that the privilege is personal and may be waived; that it is deemed to have been waived when he fails to assert it; and that failure to warn him of his constitutional right is not a violation of the privilege.

These are general rules not applicable to all conditions and circumstances. They should not be applied where the witness is in custody accused of crime at the time the testimony is taken. Also it would seem that they ought not to be applied where the witness is brought before the jury for the sole purpose of securing evidence on which to indict him or where he is too ignorant to protect himself.

In the instant case there was no error in admitting the testimony of the defendant taken before the grand jury.

The second error alleged relates to the testimony of the witness Lottie Thibos, a member of the school board, whose name was not on the information, but who was called in rebuttal, and, over objection of the defendant, was permitted to testify that he offered to buy her a fur coat and give her $100 if she

would vote favorably on the bid of a certain electric company to furnish electric fixtures for the school building. The information charged in part that defendant committed perjury in testifying before the grand jury "that he had never talked with any of the members of the school board of said school district concerning the awarding of any subcontracts pertaining to the construction or equipment of said high school." The defendant demanded a bill of particulars in which he asked for the names of the members of the school board with whom he was alleged to have talked concerning the awarding of subcontracts. The prosecuting attorney responded with a bill of particulars in which it is alleged:

"It is the theory of the people that said respondent talked with one Frank J. Koukol, a member of the school board of School District No. 8 of Royal Oak township, Oakland county, Michigan."

If Lottie Thibos' name had been given in the bill of particulars as one of the members of the school board to whom the defendant had talked, her testimony would have belonged to the people's case in chief and it would have been necessary to indorse her name on the information. As it was not indorsed and was not mentioned in the bill of particulars, the defendant had no reason to expect that she would be produced as a witness against him. It is apparent that the prosecuting attorney did not know of Mrs. Thibos when he filed the bill of particulars and indorsed the names of other witnesses on the information. But he learned about her during the trial. She was taken before the grand jury and there gave her testimony. It then became his duty to apply at once to the court for leave to amend his bill of particulars and to add her name to the information. Instead of taking that course, she was withheld until

after the defendant had given his testimony and his case was practically closed. She was then offered, to the defendant's surprise, as a witness for the alleged purpose of impeachment. No request to the court was made to add her name to the information and no excuse appears in the record or in the people's brief for not having done so as soon as her testimony was discovered. In the language of Justice CAMPBELL, "this was an unfair suppression, in contravention of law." (*People* v. *Hall*, 48 Mich. 482, 488 [42 Am. Rep. 477].). It was said in *People* v. *Quick*, 58 Mich. 321:

"We have held on several occasions that the defendant has a right to know in advance of the trial what witnesses are to be produced against him, so far as then known, and to have any new witnesses indorsed on the information as soon as discovered."

This right of a defendant in a criminal case to know in advance what witnesses are to be produced against him is a substantial right, not a mere formality. *People* v. *Hall, supra.*

So strictly has the court upheld this right that in *People* v. *Moran*, 48 Mich. 639, a conviction for burglary was set aside because the prosecuting attorney, during the trial, indorsed the names of additional witnesses on the information without first having obtained leave of the court. And as recently as 1928 this court said in *People* v. *Tamosaitis*, 244 Mich. 258:

"The right of the defendant to know the witnesses to be called against him is a substantial one, and the statutory requirement should be faithfully observed by the prosecuting attorney."

Mrs. Thibos' testimony was in support of the charge in the information that defendant committed perjury when he testified before the grand jury that

he had not talked with any member of the school board concerning the awarding of subcontracts. It was the only testimony on that element of the people's case. It was known to the prosecutor before he rested his case in chief. He kept still about it until he had reached a point in the trial when it could be used most advantageously against the defendant. In view of the circumstances, the admission of the testimony was error for which the judgment of conviction must be reversed.

Because the conviction is reversed on other grounds, it becomes unnecessary to discuss the third alleged error, which relates to the prolonged cross-examination of the defendant on the subject of changing his name. However, it might be said in passing, without going into details, that in our judgment the cross-examination was improper and the repeated reference to the defendant as "Mr. Goldsmith or Mr. Coppersmith" should not have been permitted by the court. The judgment of conviction is reversed, and a new trial granted.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.