PEOPLE, *ex rel*. ROACH, *v*. CARTER.

1. NUISANCES—PENALTY—GRAND JURY—WITNESSES.

   In proceeding to have certain premises declared a nuisance and to have house closed and padlocked for a year on the ground of its use for vice and prostitution, defendant equity owner was not entitled to avoid penalty or forfeiture involved merely on ground that in a preceding grand jury investigation of the same house, record merely shows that she was subpoenaed to appear before the grand jury and did testify but fails to show what questions were asked her before the grand jury, whether any material questions were asked or any questions tending to incriminate her or whether there was any compulsion to answer (Comp. Laws 1929, § 9093 *et seq.;* § 17215 *et seq.*).

2. WITNESSES—SELF-INCRIMINATION—PRESERVATION OF IMMUNITY.

   In order that a witness who is subpoenaed and compelled to testify before a grand jury may obtain immunity from prosecution or not be thereafter subjected to any penalty or forfeiture on account of any matter or thing concerning which he may so testify, it is necessary that he first object to answering any question tending to incriminate him (3 Comp. Laws 1929, § 17215 *et seq.*).

3. SAME—FAILURE TO OBJECT TO ANSWERING QUESTIONS DEEMED WAIVER OF IMMUNITY.

   A witness who is subpoenaed and who testifies before a grand jury and who is not shown to have objected to answering any questions that were asked her before the grand jury is considered as having waived the privilege of immunity and to have been a volunteer witness (3 Comp. Laws 1929, § 17215 *et seq.*).

4. SAME—WAIVER OF IMMUNITY.

   The privilege of a witness of refusing to incriminate himself is a personal one which he may waive (3 Comp. Laws 1929, § 17215 *et seq.*).

5. PLEADING—NUISANCES—DENIAL OF MOTIONS—DISCRETION OF COURT.

   In proceeding to have certain premises declared a nuisance and to have house closed and padlocked for a year on the ground of its use for vice and prostitution, denial of defendant's demand that bill of complaint be made more definite and certain, presented to the court after answer and at the opening of the hearing, was within the discretion of the court (2 Comp. Laws 1929, § 9093 *et seq.*).

Appeal from Genesee; Bishop (Clifford A.), J. Submitted January 25, 1941. (Docket No. 11, Calendar No. 41,189.) Decided May 21, 1941.

Bill by the People of the State of Michigan, on the relation of John L. Roach, prosecuting attorney for Genesee county, against Lela Mae Carter and others to abate a nuisance under Act No. 389, Pub. Acts 1925. Decree for plaintiff. Defendant Carter appeals. Affirmed.

*Herbert J. Rushton,* Attorney General, and *John L. Roach,* Prosecuting Attorney (*Sherman M. Bean,* of counsel), for the people.

*R. M. Van Dyne,* for defendant.

BOYLES, J. This is a proceeding instituted by the prosecuting attorney of Genesee county, under Act No. 389, Pub. Acts 1925 (2 Comp. Laws 1929, § 9093 *et seq.* [Stat. Ann. § 18.901 *et seq.*]), to have certain premises, in which defendant Lela Mae Carter has an equity, declared to be a nuisance. The circuit judge entered a decree declaring the nuisance and requiring the house to be closed and padlocked for a year on the ground of its use for vice and prostitution. The appealing party, Lela Mae Carter, seeks reversal on the ground that the decree imposes a penalty or forfeiture to which she cannot be constitutionally subjected because of having been subpoenaed and compelled to testify before a grand jury investigating the same house. For this immunity defendant relies on the provisions of section 453 of the penal code, Act No. 328, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-453, Stat. Ann. § 28.708). This section is a part of the chapter in the penal code referring to prostitution and the use

of premises for that purpose, and provides in part that no person shall be subjected to any penalty or forfeiture on account of any matter or thing concerning which he may so testify before a magistrate upon an investigation.

Passing the question whether this case can be considered as subjecting the defendant to a "penalty or forfeiture," the defendant has not brought herself within the immunity granted by the act. The only reference in the record concerning the appearance of the defendant before the grand jury is in the direct examination of the defendant testifying in her own behalf as follows:

"*Q.* Were you subpoenaed to appear before the grand jury investigation in connection with your house at 313 W. 7th Street?

"*A.* I was.

"*Q.* Was that before or after this bill of complaint or suit was filed?

"*A.* It was before.

"*Q.* I wish you would state to the court whether you testified at that hearing as the result of a subpoena?

"*A.* I did.

"*Q.* And who asked you the questions?

"*A.* Mr. Roach, I believe.

"*Q.* And did it involve this house?

"*A.* Yes."

There is nothing in this testimony or in the record to indicate what questions were asked the defendant before the grand jury, whether any material questions were asked, or any questions tending to incriminate the defendant; or whether there was any compulsion to answer. The record merely shows that defendant was subpoenaed to appear before the grand jury and testified. Under defendant's contention, every person who is subpoenaed and

testifies before a grand jury in such an investigation would *ipso facto* be immune from prosecution or from subjection to any penalty or forfeiture. This contention would render nugatory the provisions of chapter 7 of the code of criminal procedure (Act No. 175, Pub. Acts 1927 [3 Comp. Laws 1929, § 17215 *et seq.* (Stat. Ann. § 28.941 *et seq.*)]). Under the provisions of this chapter, a witness who is subpoenaed and compelled to testify before a grand jury may be granted immunity by the magistrate, but the questions and answers must be reduced to writing and entered upon the journal of the court. In order to obtain immunity, the witness must object to answering any question tending to incriminate. The witness can be compelled to answer such questions only upon receiving immunity.

The record before us does not disclose that the defendant objected to answering any questions that might have been asked her before the grand jury. Under these circumstances and the decisions of this court, she is considered to have waived the privilege of immunity and to have been a volunteer witness.

"No doubt the witness might have declined to answer under the acknowledged rule, that no one can be compelled to criminate himself. But this is matter of personal privilege which a witness may waive, and is not a ground of objection by the people, and here the witness did not object, and we cannot assume but that he was not only willing, but desirous to answer." *People* v. *Arnold,* 40 Mich. 710, 713.

In *People* v. *Lauder,* 82 Mich. 109, the defendant, indicted for bribery, interposed a plea in abatement asking that the indictment be quashed because he had appeared before the grand jury investigating the matter, in obedience to a subpoena, and had been required to give testimony. The defendant claimed

immunity because his constitutional privilege had been invaded in compelling him to testify against himself. This court said (pp. 118–121):

"The second ground for quashing the indictment, namely, that the grand jury violated Lauder's constitutional right in compelling him to attend before them and testify against himself, presents a question of gravest importance, and is the only one upon which I have entertained any doubt. It has been presented to this court with great force and ability; but, upon mature consideration, I am obliged to hold that the plea does not make a case for quashing the indictment. The question presented is, does the fact that Lauder was subpoenaed to attend before the grand jury, was sworn, and gave testimony relative to the charge of bribery, which the grand jury was then investigating, and upon his and the other testimony the jury found a true bill, vitiate the indictment? * * *

"This brings me to a consideration of the claim of a violation of a constitutional right or privilege. And, first, it may be premised that being subpoenaed and appearing before the grand jury was not a violation of his constitutional right, nor being sworn before that body, nor testifying upon any matter that did not criminate himself. All these the law compelled him to do under pains and penalties. But the law did not compel him to give testimony that would criminate himself. The fundamental law expressly declared that he should not be compelled to do so. It was therefore a personal privilege, and Mr. Lauder could claim it or not as he chose. If he gave such criminating testimony voluntarily, it is doubtful if it could be used against him upon the trial. If it was not voluntarily given, it could not be used against him upon the trial. In all cases where a personal privilege exists for a witness to testify or not, if such witness does testify without objection he will be deemed to have done so voluntarily. * * *

"A party may waive personal rights, although secured to him by law or by the Constitution."

The same question was again before this court in *People* v. *Willson,* 205 Mich. 28. The precise question before this court in the instant case was there answered (quoting from pages 43 and 44) as follows:

"But what questions were asked respondent when a witness at that investigation or what answers, incriminating or otherwise, he may have made are not disclosed. His counsel's assumption in that particular would seem to be based either on matters *de hors* the record, or a presumption that having been a witness at this investigation for discovery of crime, analogous to a grand jury inquiry, and afterwards prosecuted as the result of information discovered, he must have given incriminating testimony against himself. No such presumption obtains in law, or upon the facts in this case. * * * Counsel's claim as to respondent's constitutional and statutory rights resolves itself upon this record into the proposition that a person who is summoned to testify before a court of inquiry, or called as a witness in an authorized proceeding for the discovery of crime under Act No. 196, Pub. Acts 1917, and there gives testimony, whatever its nature, is thereafter immune from a prosecution based on information obtained during such inquiry, from whatever source it came. Such construction of the act or the constitutional rights of the accused cannot be entertained."

We have examined the other questions raised by appellant and find they are without merit. The denial of defendant's demand that the bill of complaint be made more definite and certain, which was presented to the court after answer and at the opening of the hearing, was within the discretion of the

court. We find no error in receiving or excluding testimony, and the record discloses ample proof upon which the court might well base the decree entered. We are not inclined to disturb the conclusion reached by the trial judge.

Decree affirmed, with costs.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.