PEOPLE v LAUER

1. INDICTMENT AND INFORMATION—WITNESSES—INDORSEMENT.
   Indorsement of witnesses on the information is a substantial right of defendant, designed to inform him of the witnesses that will be produced against him.

2. CRIMINAL LAW—WITNESSES—INDORSEMENT.
   Receiving the testimony of prosecution witnesses who were not indorsed on the information is not reversible error where the testimony is merely cumulative and where no prejudice to defendant results.

3. CRIMINAL LAW—ADVICE OF CONSTITUTIONAL RIGHTS.
   A criminal defendant was properly advised of his constitutional rights even where the rights were phrased in the first person when read to the prisoner by a police officer, where the defendant understood that he was the person being advised.

Appeal from Gratiot, Leo W. Corkin, J. Submitted Division 3 January 6, 1972, at Grand Rapids. (Docket No. 11117.) Decided May 25, 1972.

Wilbur L. Lauer was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John R. Vusich,* Prosecuting Attorney, for the people.

*Fortino, Plaxton & Moskal,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 7.
[2] 21 Am Jur 2d, Criminal Law § 328.
[3] 21 Am Jur 2d, Criminal Law § 317.

Before: Fitzgerald, P. J., and R. B. Burns and Targonski,* JJ.

Targonski, J. Defendant was charged with and convicted of breaking and entering with intent to commit larceny in violation of MCLA 750.110; MSA 28.305. Defendant presents this appeal as of right from a sentence of two to ten years in the state's prison.

The original information filed in this cause listed one James Carr, a State Trooper, as "complainant" and another State Trooper, Gerald Salmen, as "complaining witness". Five other names were listed under the heading "witnesses" but the names of the two troopers were not under that heading. The only reason the names James Carr and Gerald Salmen appeared in their respective classifications on the information was due to the fact that the prosecutor's office employed a printed form which came in a packaged set so that the complaint, warrant and information were part of the total package and the names "complaining witness" and "complainant" were listed thereon as they were necessary for the complaint and warrant but not for the information.

At the opening of the trial, the prosecutor filed an amended information which listed James Carr and Gerald Salmen not only as the "complainant" and "complaining witness", respectively, but also as witnesses against this defendant. However, the trial judge, after impanelling a jury and following a brief recess, ruled that the trial would proceed on the original information and that the proffered amended information would not be allowed. When these two troopers were called as witnesses for the prosecution at trial, defendant objected on the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ground that both individuals had not been endorsed as witnesses on the information. In each instance the court overruled the objection and allowed both witnesses to testify on the grounds that their listings as "complainant" and "complaining witness" on the face of the information were equivalent to endorsement.

The prosecutor has an obligation to endorse on the information all of the *res gestae* witnesses on the information. The statute on this point stated as follows:

"All informations shall be filed in the court having jurisdiction of the offense specified therein, after the proper return is filed by the examining magistrate, by the prosecuting attorney of the county as informant; he shall indorse thereon the names of the witnesses known to him at the time of filing the same. The information shall be subscribed by the prosecuting attorney or in his name by an assistant prosecuting attorney. Names of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine." MCLA 767.40; MSA 28.980.

One of the purposes of this statute is to advise the defendant of the witnesses that will be produced against him. The right of a defendant in a criminal case to know in advance the witnesses to be produced against him is a substantial one, not a mere formality. *People v Smith,* 257 Mich 319, 325 (1932).

The precise legal question involved is whether adequate notice is afforded a defendant that certain individuals are intended to be brought forward at trial as witnesses against him when the said witnesses are not included in the "witness" column on the information, but, rather, are typed in the blanks opposite the designations "complain-

ant" and "complaining witness". This question is a novel one in this jurisdiction. The purpose of the requirement of listing witnesses on the information is to advise defendants as to which witnesses will be produced at trial and to guard against production of individuals, as witnesses, who are unknown to the defendant. *People v Rose,* 268 Mich 529, 539 (1934). The designations "complainant" and "complaining witness" may establish the basis for the information itself but do not necessarily indicate individuals who will testify at trial. This is especially true under procedure such as ours where neither the "complainant" nor the "complaining witness" need have personal knowledge of the facts in a criminal complaint for a felony. The only purpose served by these individuals is to start the criminal procedure into motion. The warrant and complaint were based on information and belief. After the warrant is issued, the function of the "complainant" and "complaining witness" is at an end. Those designations no longer have any meaning. Once a preliminary examination is held, and the defendant is bound over, the complaint and warrant, from a strict legal viewpoint, disappear. From that point, the information governs the charge and the trial.

The witnesses Salmen and Carr should have been designated as "witnesses" upon the information. The failure of the prosecutor to so designate these State Troopers should be held to be error, but we do not so rule under the facts of the instant case.

Witness Carr testified as to advising defendant of his constitutional rights and his taking of a confession which was admitted into evidence at the trial. His testimony was utilized at trial in order to establish the proper background for ad-

mission into evidence of the defendant's confession. Defendant's trial counsel alleged surprise contending that he had no prior knowledge of prosecution's intention to introduce the confession nor had he requested a *Walker* hearing, *People v Walker,* 374 Mich 331 (On rehearing, 1965), precisely because Trooper Carr was not endorsed as a witness upon the information. Defendant's contention of surprise does not appear to have merit since Trooper Zarfl had been endorsed as a witness on the original information and could testify to approximately the same matters, including the confession, as Trooper Carr. Therefore, even if it were error for the trial court to allow James Carr to testify as a witness for the prosecution, such error did not prejudice the defendant and does not warrant a reversal. We view the trial court's order allowing Carr to testify as endorsements effected during trial by leave of the court "pursuant to statute". Such a view upholds the trial court's order on this matter as a proper exercise of judicial discretion. MCLA 767.40; MSA 28.980.

The same conditions apply to the testimony of Trooper Salmen who likewise was not entered on the original information in the "witnesses" column. We view the trial court's action as an endorsement effected during trial by leave of the court "pursuant to statute" and a proper exercise of judicial discretion. A quick perusal of the testimony elicited from witness Salmen clearly indicates that his testimony was merely cumulative, the primary proofs concerning the breaking and entering and the property stolen having originally been elicited from the owner of the hardware store which was broken into. Accordingly, under the facts of this case, even if it was error to allow Trooper Salmen to testify as a witness for the

prosecution during this trial, such error did not prejudice the defendant and does not warrant a reversal.

The second issue raised by defendant on appeal is a question of proper understanding by the defendant of his constitutional rights prior to making a confession, where the officer in question explained such rights in the first person rather than the third person. In the course of the *Walker* hearing *(People v Walker, supra)* had in the instant case; Trooper Carr testified that he had informed the defendant of his *Miranda* rights by reading to the defendant the written reproduction of said rights as they existed on the waiver form which defendant subsequently read. See *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966). The form as read to the defendant before signing by him read in full as follows:

"I have been informed by Trooper James Carr that he is an officer of the Michigan State Police and I have been informed by him as follows:

"That I have a right to remain silent; that I do not have to make any statement, oral or written, or to answer any questions, and that any statement I make or answer I give will be used in evidence or otherwise in a criminal prosecution against me; that I have a right to consult an attorney or other person of my choice and to have the attorney or other person present at this time or at any time hereafter; that I may not be questioned without my consent in the absence of such an attorney or other person; that if I cannot afford an attorney, the court will appoint one for me at county expense prior to any further questions being asked me; and that now or at any time hereafter I may refuse to answer any questions."

Despite defendant's contentions at the *Walker* hearing that the above-quoted *Miranda* warnings

were in the first person and lent the impression that Trooper Carr was the individual being advised of the enumerated rights the court admitted the confession holding "it would take quite a stretch of imagination for Mr. Lauer to think that Trooper Carr was advising Trooper Carr of his own rights." The defendant understood that he was the individual being advised and the *Miranda* warnings in this case as shown on the printed form were every bit as complete, if not more so, as those required by the Supreme Court in its opinion in *Miranda.* We can find no abuse of discretion in the record as to the court's conclusion that defendant's confession was voluntary. In fact we are constrained to remark that this contention on the part of the defendant is without merit.

Affirmed.

All concurred.