PEOPLE v HUNLEY

1. CONSTITUTIONAL LAW—CRIMINAL LAW—SELF-INCRIMINATION—
   CLAIMING PRIVILEGE—WAIVER—INFERENCE—EVIDENCE.

   The privilege against self-incrimination must be claimed by a
   defendant, but once claimed it is guaranteed by the constitu-
   tion; waiver of constitutional rights is not lightly to be inferred
   and a witness cannot properly be held, after his claim of the
   privilege, to have waived it upon vague and uncertain evidence
   (US Const, Am V).

2. CONSTITUTIONAL LAW—CRIMINAL LAW—SELF-INCRIMINATION—FAIL-
   URE TO WARN—VIOLATION OF PRIVILEGE.

   Failure to warn a witness of his constitutional privilege against
   self-incrimination is not a violation of the privilege.

3. WITNESSES—SELF-INCRIMINATION—WAIVER—SUBSEQUENT PROCEED-
   INGS—EVIDENCE—VOLUNTARY STATEMENTS.

   A witness who testifies in one proceeding does not waive the right
   to assert his privilege against self-incrimination in a second
   proceeding; however, the assertion of the privilege in the
   second proceeding does not preclude the admission into evi-
   dence of voluntary statements made by the witness in the first
   proceeding.

4. CRIMINAL LAW—ACCOMPLICES—GUILT OR INNOCENCE—SEPARATE
   TRIALS—EVIDENCE—ADMISSIBILITY.

   A finding of guilt or innocence in the separate trial of one who is
   alleged by the prosecution to be an accomplice of a defendant is
   unrelated to the issue of the guilt of the defendant and any
   reference thereto is properly excluded from evidence as imma-
   terial.

## Appeal from Ingham, James T. Kallman, J.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses §§ 79, 94 et seq.
[2] 58 Am Jur, Witnesses § 80.
[3] 58 Am Jur, Witnesses §§ 99, 100.
[4] 21 Am Jur 2d, Criminal Law § 127 et seq.

Submitted June 6, 1975, at Lansing. (Docket No. 18585.) Decided August 11, 1975.

George Hunley was convicted of second-degree murder and assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lawrence J. Emery,* Assistant Prosecuting Attorney, for the people.

*Reid & Reid, P. C.,* for defendant on appeal.

Before: BASHARA, P. J., and J. H. GILLIS, and ALLEN, JJ.

BASHARA, P. J. In 1970 defendant and Willie Chappel were charged with first-degree murder[1] and assault with intent to rob while armed arising out of a holdup of a party store which resulted in the murder of the owner. On October 5, 1970, the people amended the information to include a count of second-degree murder and the defendant pled guilty to that count. On October 30, 1970, defendant was sentenced to from 21 to 31 years in prison.

The defendant was brought to the trial of Chappel on December 18, 1970, and was called as a defense witness. Defendant's testimony inculpated himself while exculpating Chappel. As a result Chappel was acquitted.

On January 2, 1973, defendant filed a delayed application for leave to appeal. A peremptory order was issued by a panel of our Court reversing the defendant's conviction based on an impropriety

[1] MCLA 750.316; MSA 28.548.

in the plea-taking process pursuant to *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).[2]

A second trial was held and the defendant was convicted by a jury of second-degree murder, MCLA 750.317; MSA 28.549, and assault with intent to rob while being armed, MCLA 750.89; MSA 28.284. Defendant raises two issues on appeal: (1) did the trial court commit reversible error in allowing the prosecution to introduce the incriminating testimonial record made by the defendant as a witness in the Chappel trial; (2) did the trial court commit reversible error in failing to allow disclosure of the verdict obtained in the Chappel trial?

Defendant contends that although he voluntarily took the witness stand on behalf of the defense in the Chappel trial, he made no knowing and intelligent waiver of the privilege against self-incrimination as mandated by *Gardner v Broderick,* 392 US 273, 276; 88 S Ct 1913; 20 L Ed 2d 1082 (1968). However, the United States Supreme Court has recognized that the privilege must be claimed before the issue of knowing and intelligent waiver arises. The principle is stated in *Emspak v United States,* 349 US 190, 196; 75 S Ct 687; 99 L Ed 997 (1955), quoting with approval from *Smith v United States,* 337 US 137, 150; 69 S Ct 1000; 93 L Ed 1264 (1948):

" '*Although the privilege against self-incrimination must be claimed, when claimed it is guaranteed by the Constitution.* * * * Waiver of constitutional rights * * * is not lightly to be inferred. A witness cannot properly be held *after claim* to have waived his privi-

---

[2] A review of the record of the taking of the guilty plea discloses that the defendant was not informed that his plea of guilty waived his privilege against self-incrimination.

lege * * * upon vague and uncertain evidence.'" (Emphasis supplied.)

Since defendant failed to claim the privilege, it is not necessary to consider whether there was a knowing and intelligent waiver of the privilege against self-incrimination.

Defendant next argues that he could not knowingly and intelligently waive his privilege against self-incrimination where the trial judge in the Chappel trial failed to advise him of the privilege.

"[I]f a witness wishes the benefit of the privilege he must claim it; that the privilege is personal and may be waived, that it is deemed to be waived when he fails to assert it; and that failure to warn him of his constitutional right is not a violation of the privilege." *People v Smith,* 257 Mich 319, 323; 241 NW 186 (1932), *People v DiPonio,* 48 Mich App 128, 131; 210 NW2d 105 (1973), *lv den* 391 Mich 782 (1974).

Defendant further contends that assuming that he waived the privilege against self- incrimination in the Chappel trial, he still may assert it in his own trial to exclude his testimony at the Chappel trial. *United States v Miranti,* 253 F2d 135 (CA 2, 1958). Defendant misconstrues *Miranti, supra,* which stands for the proposition that a witness who testifies in one proceeding does not waive the assertion of his privilege against self-incrimination in a second proceeding. In other words, the witness cannot be forced to testify in the second proceeding based on the waiver in the first proceeding. However, the assertion of the privilege in the second proceeding does not preclude the admission into evidence of voluntary statements made by the witness in the prior proceeding.[3] *People v James,* 29 Mich App 522, 527; 185 NW2d 571 (1971), *lv*

---

[3] It is interesting to note that *US v Miranti,* 253 F2d 135, 139 (CA 2,

*den* 384 Mich 829 (1971), *cert den* 404 US 843; 92 S Ct 140; 30 L Ed 2d 78 (1971), recognized the principle by stating:

"Defendant's decision to testify at the preliminary examination does not prevent the defendant from asserting his Fifth Amendment right not to testify at trial. See 8 Wigmore, Evidence, § 2273, pp 450, 451, § 2276, pp 456, 459; McCormick, Evidence, § 131, pp 274–276 (1954). See, also, *In re Mark* (1906), 146 Mich 714. However, the Fifth Amendment does not preclude the use of testimony voluntarily given by the defendant under the solemnity of oath at the preliminary examination."

We hold that the defendant's assertion at his trial of his privilege against self- incrimination does not preclude the admission as substantive evidence of voluntary statements made by the defendant at the Chappel trial.

The second issue raised by the defendant relates to whether the jury should have been informed of Chappel's acquittal. Defendant contends that the prosecution's references to the commission of the charged crimes by the defendant and Chappel created an impression in the minds of the jury that Chappel was convicted. We disagree. There is nothing on the record to indicate that the prosecution created such an impression or that the jury ever considered the Chappel case in reaching its verdict. Furthermore, the finding of guilt or innocence in the Chappel trial was unrelated in any manner to the issue of the guilt of the defendant and the trial court properly excluded such evidence as immaterial.

Affirmed.

---

1958) recognized that voluntary admissions of the defendant made to the F.B.I. would be admissible in a subsequent trial of the defendant even if the defendant asserted the privilege against self-incrimination.