THE PEOPLE v. GEORGE BUTLER.

*Impeachment by former deposition—Cross-examination—Burglary.*

1. A deposition taken upon the preliminary examination of a person charged with crime is admissible on the trial to discredit the witness who made it, if the witness' testimony be not consistent therewith; and the witness need not have been cross-examined on the facts stated in the deposition.

2. A conviction for statutory burglary from a store is unwarranted by testimony which identifies neither place, person nor property, and which purports to describe talk to which the witness paid little attention "about somebody's getting in, and he taking the stuff out after they handed it out to him." Nor is it justified by testimony that defendant had complained that he had not been given "a square whack at the Fremont deal" when there was no proof that the deal was a burglary or that any burglary had been committed at Fremont.

Error to Newaygo.   (Fuller, J.)   Nov. 19.—Nov. 20.

BURGLARY from a store.   Conviction set aside.

Attorney General *Van Riper* and Prosecuting Attorney *William D. Fuller* for the People.

*Stephen H. Clink* and *George Luton* for respondent.

CAMPBELL, J.   Respondent was convicted of statutory burglary from a store, and sentenced to twelve years in the State prison.   There was, so far as we can perceive, no testimony whatever that he committed it.   The only testimony on which the case went to the jury seems to have been some reference to a failure to make a square division of what was called by Butler the "Fremont deal."   There was no reference to a burglary or crime of any sort committed in Fremont.   One Derinda Bailey, however, in a very vague and loose way testified that there was some talk, not distinctly located as to time, and to which she said she paid little attention, of which she states: "It was something about somebody's getting in, and he taking the stuff out after they handed it out to him."   This is the only thing which has any

bearing at all upon the action of any one, having any resemblance to an act of theft from a building, and it identifies no place or person or property. But, such as it was, defendant offered to show by Mrs. Bailey's deposition on the examination before the magistrate, that she had told inconsistent stories. The court refused to allow this, because she had not been cross-examined upon it, and had it shown to her, and been asked if she so swore.

As this ruling is in direct contravention of *Lightfoot v. People* 16 Mich. 507, where it was held such depositions were receivable as original evidence to discredit the witness who made them, without cross-examining him concerning them, the error is plain and must lead to a reversal. It was especially material, as this case went to the jury.

It is unaccountable to us that any conviction should have been allowed on this testimony, and that respondent should have been visited with so severe a sentence, after the defects had been for a second time brought to the notice of the court on a motion for new trial. We do not think it would be proper for us, having the responsibility on reversal of determining the custody of respondent, to allow him to be treated as under strong presumption of felony, as we think that he ought not to be tried again on any such slender proofs as were put in here.

In reversing the judgment and ordering a new trial we shall direct the prisoner to be discharged from the State prison and admitted to recognize for himself, without tureties, in the sum of one hundred dollars, for his appearance hereafter in the court below.

Judgment will be rendered accordingly.

The other Justices concurred.