THE PEOPLE v. JAMES KENNEDY, IMPLEADED WITH GEORGE GANNON.

*Criminal law— Evidence—Preliminary examination—Refreshing recollection of witness.*

1. The deposition of a witness taken upon the preliminary examination of a respondent is admissible on the trial as original evidence; citing *Lightfoot v. People*, 16 Mich. 507; *People v. Butler*, 55 Id. 409.

2. It is competent on the trial of a criminal case for the deputy clerk of the police court, in which the preliminary examination of the respondent was had, after testifying that he wrote down the testimony of the complaining witness, and that his recollection would be so refreshed, as he thinks, by looking at said testimony as to enable him to remember, aside from said testimony, whether or not said witness testified to a certain alleged fact, to refresh his recollection from said testimony.

Exceptions before judgment from recorder's court of Detroit. (Chapin, J.) Argued May 8, 1895. Decided May 21, 1895.

Respondent was convicted of the crime of assault with intent to do great bodily harm less than the crime of murder. Conviction reversed, and new trial granted. The facts are stated in the opinion.

*Edwin Henderson* and *Alfred J. Murphy*, for respondent.

*Fred A. Maynard*, Attorney General, *Allan H. Frazer*, Prosecuting Attorney, and *Ormond F. Hunt*, Assistant Proecuting Attorney, for the people.

LONG, J. Respondent was informed against in the recorder's court of the city of Detroit for an assault upon one Frank Grabowski, with intent to do great bodily harm less than the crime of murder. He was impleaded

with one George Gannon, who was acquitted upon the
trial.   The parties had an examination in the police court,
and were bound over for trial.   On the trial it appeared
that respondent was the overseer upon a paving contract.
Grabowski and about 20 others were under his supervis-
ion.   The people's contention was that some altercation
arose between Kennedy and one Peahalski, which re-
sulted in a fight between them and others of the workmen;
that, while this was in progress, respondent Gannon came
running up, and struck Grabowski on the head with a hoe,
and that, while he was down, Kennedy kicked him, and
inflicted great bodily injuries.   The respondent Kennedy
contended that, if any wounds were inflicted upon Gra-
bowski, it was by Gannon or some other party, and not
by himself.

On the trial Grabowski testified that, while Kennedy
was fighting with Peahalski, he went up, and attempted to
pick Peahalski up, when he was struck on the head by
Gannon with a hoe, and then Kennedy commenced kick-
ing him; that he saw Gannon strike him with the hoe.
The defense called the deputy clerk of the police court,
who testified that he wrote down the testimony of Gra-
bowski in the police court.   He was asked:

"*Q.* Do you recollect what he testified to there, as to
whether he could tell who struck him or not?

"*A.* I do not remember whether he said he did or did
not.   The testimony will show.

"*Q.* Would your recollection be refreshed if you looked
at the testimony?

"*A.* Well, if in the testimony it said that he knew, why
I would know.

"*Q.* Would your recollection be so refreshed that you
would remember it aside from the testimony, if you
looked over the testimony?

"*A.* I think it would."

It was contended on the part of the respondent that the
testimony given in the police court by Grabowski was
that he could not say who hit him on the head with the
hoe; and that he now changed his testimony upon the

trial; and that, if the testimony were permitted to be given, it would contradict the witness upon a material point, and support the theory of the defense that, in the general melee, he could not tell who hit him or who kicked him.

The court was in error in refusing to permit the witness to refresh his recollection from the testimony he had so taken. The rule is stated by Mr. Greenleaf in his work on Evidence as follows:

"Though a witness can testify only to such facts as are within his own knowledge and recollection, yet he is permitted to refresh and assist his memory by the use of a written instrument, memorandum, or entry in a book." 1 Greenl. Ev. § 436.

The same question was before this Court in *Caldwell v. Bowen*, 80 Mich. 382, and *Robinson v. Mulder*, 81 Id. 75; and it was held that the witness had the right to refresh his recollection from *memoranda* which he had made.

The depositions of the witnesses taken in the court below were offered in evidence by the respondent for the purpose of showing contradictory statements of the witnesses. This was excluded. The depositions of witnesses taken upon the preliminary examination before the examining magistrate are admissible as original evidence. *Lightfoot v. People*, 16 Mich. 507; *People v. Butler*, 55 Id. 409.

The conviction must be reversed, and a new trial granted.

McGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.