PEOPLE v. BUTLER.

1. CRIMINAL LAW—CONSPIRACY—SUFFICIENCY OF INFORMATION.
   An information alleging that respondents fraudulently conspired together, by false pretenses, to acquire from a given county a certain sum of money, and to cheat and defraud the said county thereof, sufficiently charges a conspiracy to cheat and defraud.

2. SAME—EVIDENCE—ADMISSIONS—APPEAL.
   Upon the trial of persons jointly informed against for conspiracy to cheat and defraud, the testimony of one of the respondents, voluntarily given upon the preliminary examination, is admissible as against him, and its admission will not be held erroneous as to his co-respondent where the record fails to indicate that the testimony was objected to as prejudicial to such respondent, or that the judge failed to caution the jury against permitting it to have such effect.

Error to recorder's court of Detroit; Chapin, J. Submitted November 18, 1896. Decided January 5, 1897.

Daniel M. Butler and William H. Bird were convicted of conspiracy to cheat and defraud the county of Wayne, and were sentenced to imprisonment for 18 months in

the Detroit House of Correction. Respondent Butler brings error. Affirmed.

*George Gartner* and *Fred A. Baker*, for appellant.

*Allan H. Frazer*, Prosecuting Attorney, and *Ormond F. Hunt*, Assistant Prosecuting Attorney, for the people.

MOORE, J. The respondent was convicted in the recorder's court, and appeals to this court. The information filed in this case reads as follows:

"That Daniel M. Butler and William H. Bird, late of said city of Detroit, heretofore, to wit, on the 1st day of May, in A. D. 1895, at the said city of Detroit, in the county aforesaid, unlawfully, falsely, deceitfully, and fraudulently did combine, conspire, confederate, and agree together, by divers false pretenses, subtle means, and devices, to attain and acquire unto themselves, of and from the county of Wayne, a sum of money, to wit, the sum of fifty dollars, of the value of fifty dollars, of the money of it, the said county of Wayne, and to cheat and defraud it, the said county of Wayne, thereof, to the great damage of it, the said county of Wayne."

It is the claim of the respondent that this information should have been quashed, — *First*, because it states no offense known to the law; *second*, because it contains no allegations of the means by which respondents conspired to cheat and defraud. The claim of the respondent cannot be sustained. The case is ruled by *People* v. *Richards*, 1 Mich. 216 (51 Am. Dec. 75); *People* v. *Clark*, 10 Mich. 310; *People* v. *Winslow*, 39 Mich. 505; *People* v. *Petheram*, 64 Mich. 252; *People* v. *Watson*, 75 Mich. 582; *People* v. *Dyer*, 79 Mich. 480.

A number of witnesses were sworn, and records introduced, which tended to show that respondent was coroner of Wayne county in 1895, and that Bird was his clerk; that bills were made out in the name of Bird, against the county, which were certified to by Butler. The testimony disclosed that these bills were for inquests that were never held, and contained charges for services in serving sub-

pœnas for witnesses, for jurors, and for taking testimony
on such alleged inquests. It was also shown that the fees
for witnesses and jurors charged for in these bills were
fictitious, and were never paid to witnesses and jurors.
Something like 15 of these fictitious bills, made out in the
name of Bird and certified to by Butler, were introduced
in evidence.

During the examination in the police court, Bird
offered himself as a witness, and was sworn. His
testimony was taken down, and in the trial of the
case in the recorder's court his testimony was offered
and received in evidence. Counsel for the respond-
ents, who were jointly on trial, objected, on the
ground that the testimony was incompetent, immaterial,
and irrelevant, and also because said witness was in
court, and ready to testify. The admission of this testi-
mony is assigned as error. It is claimed that this was
a violation of article 6, § 28, of the Constitution, which
provides that the accused shall be confronted with the
witnesses against him; and counsel cite *Hill* v. *People,*
16 Mich. 351; *Ward* v. *People,* 30 Mich. 116; *People* v.
*Lambert,* 5 Mich. 349 (72 Am. Dec. 49); *People* v. *Jones,*
24 Mich. 215. We do not think these cases apply to the
condition disclosed by the record. One of the respondents
on trial, Mr. Bird, had seen fit to become voluntarily a
witness, and give his version in the police court of the
offense for which he was arrested. This testimony was
certainly competent against him. *People* v. *Eaton,* 59
Mich. 559; *People* v. *Arnold,* 43 Mich. 303 (38 Am. Rep.
182); *People* v. *Prague,* 72 Mich. 178; *People* v. *Gas-
tro,* 75 Mich. 127; *People* v. *Swetland,* 77 Mich. 53;
*People* v. *Taylor,* 93 Mich. 638; *People* v. *Kennedy,*
105 Mich. 434; *People* v. *Seaman,* 107 Mich. 348. No
objection was made, so far as disclosed by the record, to
the testimony, upon the ground that the admissions of the
respondent Bird could not be used against the respondent
Butler. Nor was the court requested to caution the

jury against using the testimony as incriminating Butler. In the case of *People* v. *Arnold*, 46 Mich. 277, which was a conspiracy case, it was stated:

" It is further urged that the court erred in receiving in evidence the admissions of John Snediker. These were admissions of a joint offense, made after its commission, and from their nature, it is said, could not be received against Snediker alone. But the fact that the offense is joint cannot exclude admissions. They are admissible against the party making them, and the court must protect the other respondent by cautioning the jury not to permit the confession of his alleged associate to prejudice him. If the participation of the other is not made out by independent evidence, there can be no conviction; but the existence of a conspiracy must commonly be made out by the detached acts and statements of the individual conspirators."

In *People* v. *Saunders*, 25 Mich. 119, it was held to be competent, in trials for conspiracy, to connect the several parties charged by evidence of their separate acts and statements. See, also, *Beebe* v. *Knapp*, 28 Mich. 67.

Bird was sworn as a witness in the case. The record does not purport to contain all of the proceedings had in the recorder's court. There is no suggestion in it that any claim was made by counsel that Bird's testimony could not be used against Butler, nor does it suggest that the trial judge did not caution the jury as suggested in *People* v. *Saunders*, *supra*, and *People* v. *Arnold*, *supra*, and we do not feel called upon to assume that it was not done.

Error is assigned because of a portion of the argument of the prosecuting attorney. It is evident that what Mr. Hunt said was in reply to a suggestion by Mr. Navin, counsel for respondent; and, while it would have been well to avoid some of the remarks made by him, some allowance must be made for the excitement and heat engendered by a trial, and we do not think what was said constitutes reversible error.

It is also claimed that the charge of the trial judge was objectionable. We cannot agree with the counsel

for the respondent. The charge, taken as a whole, was a fair and careful statement of the law applicable to the case.

Judgment is affirmed.

The other Justices concurred.