## PEOPLE v. LINDGREN

CRIMINAL LAW—EVIDENCE—DEPOSITIONS ON PRELIMINARY EXAMINATION.

> The deposition of a witness on a preliminary examination is not admissible on the trial as substantive proof of the offense charged. Distinguishing *People* v. *Kennedy*, 105 Mich. 436, and earlier cases.

Error to Ottawa; Padgham, J. Submitted November 21, 1901. Decided December 3, 1901.

Charles J. Lindgren was convicted of keeping his saloon open on Sunday. Reversed.

*Dan F. Pagelsen* and *H. T. Root*, for appellant.

*P. H. McBride*, Prosecuting Attorney, for the people.

HOOKER, J. The defendant appeals from a conviction upon a charge of keeping his saloon open on a Sunday.

Many of the questions raised are to remarks of the court in the course of the trial. As the case can be disposed of upon another point, it is unnecessary to discuss them.

Ford Barnett was a witness called upon behalf of the people. The prosecutor sought to refresh his recollection by reading to him his testimony taken upon the preliminary examination. He was then asked:

"*Q.* Now, is that affidavit the truth?
"*A.* My signature is to it.
"*Q.* I ask you if it is true,—the whole of it.
"*A.* I swore to it."

The testimony was then offered in evidence and admitted. He afterwards testified that he could not swear that the occurrence was upon Sunday, or that he swore that it was upon Sunday, and that any testimony that he gave on the last trial was from the knowledge obtained from reading the deposition.

After being out for a time, the jury returned, and the following occurred:

"*The Court:* Gentlemen, is there some question that bothers you,—a question of fact or a question of law, was it?

"*A Juror:* The main question was whether that affidavit that was read here, whether that stood all right the way it was sworn to,—if that was satisfactory testimony.

"*The Court:* Whether it was evidence or not?

"*The Juror:* Yes, sir.

"*The Court:* Yes, sir; I so instructed you.

"*The Juror:* That is what I thought.

"*The Court:* Was that all, gentlemen?

"*The Juror:* That is all."

Counsel for the prosecution relies upon the cases of *People* v. *Butler*, 55 Mich. 409 (21 N. W. 385); *Lightfoot* v. *People*, 16 Mich. 507; *People* v. *Kennedy*, 105 Mich. 436 (63 N. W. 405). In each of these cases the deposition of the witness was admitted by way of contradiction. The witness was contradicted by his own statements, which were not received as proof of or against the substance of the charge, but merely as evidence bearing

upon the credibility of the witness, just as any contrary statement out of court may be used by way of impeachment. In the case before us the jury were given to understand that this deposition was competent evidence of the charge, and that they might find the accusation established by it. This was in contravention of the rule enunciated in *Caldwell* v. *Bowen*, 80 Mich. 382 (45 N. W. 185); *Robinson* v. *Mulder*, 81 Mich. 75 (45 N. W. 505).

We are constrained to reverse the judgment and direct a new trial.

The other Justices concurred.