### PEOPLE v. ELLEN.

BRIBERY—OFFICER—MATTER OFFICIALLY COGNIZABLE.

> Where a proposition to let a contract for waterworks was one which might come before a city council for official action, the fact that the council had no authority to make the contract did not prevent the receipt of money by a councilman to influence his action on the same from constituting a violation of 3 Comp. Laws, § 11312.

Exceptions before judgment from the superior court of Grand Rapids; Newnham, J. Submitted June 17, 1904. (Docket No. 194.) Decided October 18, 1904.

Jacob P. Ellen was convicted of receiving a bribe. Affirmed.

*Walker & Fitzgerald,* for appellant.

*William B. Brown,* Prosecuting Attorney, and *Charles E. Ward,* Assistant Prosecuting Attorney, for the people.

MOORE, C. J.    The respondent, who was an alderman of the city of Grand Rapids, was convicted of accepting a bribe.    He has brought the case here by writ of error.

We quote from the brief of his counsel:

"There is but one question involved in this case:    Was the proposed water contract as to which it is alleged the respondent was bribed 'a question, cause, or proceeding which might, by law, be brought before him in his official capacity' (as alderman of the city of Grand Rapids), as required by the statute under which this prosecution is brought, and as charged in the information filed against him?"

Counsel contend the answer to this question should be in the negative.

This precise question was before us in the case of *People* v. *Mol,* 137 Mich. 692.    In that case Justice GRANT quoted the statute which it is claimed governs this proceeding (section 11312, 3 Comp. Laws), and held it applied to this case.    As to that part of his opinion all the other Justices concurred.

The conviction is affirmed, and the case is remanded for further proceedings.

The other Justices concurred.