PEOPLE v. HIRSCHFIELD.

1. BRIBERY—STATUTES—CONSTRUCTION.

Act No. 328, § 117, Pub. Acts 1931, penalizing those who offer to bribe a public officer with intent "to influence any act or omission relating to any public duty" *held*, sufficiently broad and comprehensive to cover conspiracy to bribe a member of the board of supervisors in his consideration of indigent hospitalization contract since the board appoints the superintendents of the poor, has the care and management of the county property and business not otherwise provided for and county has the burden and responsibility of relieving and maintaining the poor (Comp. Laws 1929, §§ 1130, 8229, 8230, 8233).

2. SAME—BOARD OF SUPERVISORS—INDIGENT HOSPITALIZATION CONTRACT.

In prosecution for bribery of city attorney in order to influence granting of county indigent hospitalization contract, it is

sufficient if the measure was one which might come officially before him as a member of the board of supervisors and where it actually was before the board at the time of the alleged conspiracy it was not essential that the award of the contract be within the actual or apparent power of the board.

3. OFFICERS—FIDUCIARIES—CONFLICTING INTERESTS.

A public officer whose duties require that he act in a fiduciary as well as in an official capacity is subject to the rule requiring fair dealings and disinterested conduct on the part of an agent or trustee towards those he represents.

4. SAME—BRIBERY—APPOINTMENTS—CONTRACTS.

Since a public officer is impliedly bound to exercise the powers conferred on him, including his power of appointment, with disinterested skill, zeal and diligence, and primarily for the benefit of the public, the sale or transfer of an office is prohibited, threats, bribery and kindred influences used to obtain an office are made criminal and contracts in restraint of the appointing power or of the elective franchise are void.

5. BRIBERY—OFFICERS—JURISDICTION.

Jurisdiction of the officer to act in the particular case upon which decision is sought to be influenced is not essential to establish the crime of bribery.

6. CONSPIRACY—SUCCESS OF ENTERPRISE NOT ESSENTIAL.

A conspiracy is complete when it is formed and conspirators' guilt or innocence does not depend upon the success of the enterprise.

7. CRIMINAL LAW—PROBABLE CAUSE—EVIDENCE—BRIBERY.

Evidence, though circumstantial, *held,* sufficient to support determination of examining magistrate that probable cause existed for holding accused for trial on charge of conspiracy to bribe, it not being necessary at that time to establish guilt of accused beyond a reasonable doubt.

8. SAME—DETERMINATION OF MAGISTRATE—ABUSE OF DISCRETION.

Probable cause is primarily a question for consideration and determination of the examining magistrate and his decision will not be disturbed except in case of clear abuse of discretion.

Appeal from Bay; Searl (Kelly S.), J., presiding. Submitted January 17, 1935. (Docket No. 148, Calendar No. 37,983.) Decided April 8, 1935.

Joseph C. Hirschfield was charged with conspiracy to bribe. From order quashing information, the people appeal. Reversed and remanded for trial.

*Harry S. Toy,* Attorney General, *Elmer L. Beyer,* Assistant Attorney General, *Bernard S. Frasik,* Prosecuting Attorney, and *Karl K. Liebrand,* Special Assistant Prosecuting Attorney, for the people.

*Edward N. Barnard,* for defendant.

BUSHNELL, J. This is a charge against defendant Joseph C. Hirschfield of conspiring with Abraham H. Jacoby and others to bribe William A. Collins, city attorney of Bay City, while acting in his capacity as a member of the Bay county board of supervisors. It is alleged that the purpose and intent of the conspiracy was to offer Collins a sum of money to influence his decision as a member of the board whereby the county indigent hospitalization contract would be awarded to the Samaritan Hospital, and that the matter was then pending before the board.

Defendant's motion to quash the complaint and warrant was denied by the examining magistrate. Upon arraignment on information before Judge Searl sitting in the Bay county circuit, the motion was renewed and granted. Both the circuit judge and the examining magistrate filed exhaustive written opinions in support of their action.

The appeal of the people presents for our consideration the following: (1) Is it essential that the award of the contemplated contract is within the actual or apparent power of the board, and was such a matter then pending? (2) Was there sufficient

evidence produced at the examination to show conspiracy? (3) Did the circuit judge err in excluding certain testimony?

The following bribery cases are helpful: *People v. Salsbury,* 134 Mich. 537; *People v. McGarry,* 136 Mich. 316; *People v. Mol,* 137 Mich. 692 (68 L. R. A. 871, 4 Ann. Cas. 960); *People v. Ellen,* 138 Mich. 34, all of which arose out of the notorious "water boodle scheme" in the city of Grand Rapids; and *People v. Romanski,* 213 Mich. 636, involving a constable in the city of Grand Rapids.

The instant case is laid under Act No. 328, § 117, Pub. Acts 1931, the Michigan penal code. Section 117 is a reenactment of 3 Comp. Laws 1929, § 16569, with slight modifications, which statute until its amendment by Act No. 101, Pub. Acts 1923, had been on the books for many years. The 1923 amendment was made after the decision in the *Romanski Case* and changed the designation of "any executive, legislative or judicial officer" to "any public officer, agent, servant or employee;" it also added the words, "or the purpose and intent of which is to influence any act or omission relating to any public duty of such officer," etc. Section 8233, 2 Comp. Laws 1929, says the superintendents of the poor "shall have the general superintendence of all the poor who may be in their respective counties." These superintendents are appointed by the board of supervisors. 2 Comp. Laws 1929, § 8230. Counsel do not cite any statutory authority for the execution of the contract on the part of either board. Appellant, however, refers us to Comp. Laws 1929, §§ 1130, 8229, the first of which details the powers and duties of the board of supervisors, among them being—"To represent their respective counties and to have the care and management of the property and busi-

ness of the county in all cases where no other provision shall be made;" the second places upon the county the burden and responsibility of relieving and maintaining the poor.

The amendatory language of the bribery statute as heretofore quoted is sufficiently broad and comprehensive to warrant the conclusion that Collins in the discharge of his public duty in the management of the business of the county would, either by act or omission, have considerable to do with the consideration of an indigent hospitalization contract. In the *McGarry Case, supra,* it was urged that the proposed contract was one which the council had no lawful authority to make, and it was not an official duty of the city attorney to advise the making of an unlawful contract. In the instant case, Collins could only act as a member of the board of supervisors, but the reasoning of Mr. Justice Hooker, found on pages 321 to 324 of 136 Michigan, is nevertheless applicable. He there repeats his conclusion in the *Salsbury Case, supra,* saying:

"We think, as we said in our former opinion, that this measure was one which might come officially before the city attorney, which is all that was necessary."

There is sufficient testimony in this record to show that the contract, no matter how questionable, not only might come before the board of supervisors but was already before it at the time of the alleged conspiracy, and we must therefore disagree with the learned circuit judge and hold in view of the *McGarry Case* and the authorities therein cited, that it is not essential that the award of the contemplated contract is within the actual or apparent power of the board.

We think the following support our conclusion in this particular:

"A township trustee is the agent of his township in the transaction of its business, and hence in the performance of his duties he acts in a fiduciary, as well as an official, capacity. Therefore the rule which requires fair dealings and disinterested conduct on the part of an agent or trustee towards those he represents applies with full force to a township trustee.

"The law will not allow an agent or a trustee to place himself in such an attitude towards his principal or his *cestui que trust* as to have his interest conflict with his duty; and a township trustee is as much amenable to that rule as any other agent or trustee. As applicable to private rights, the enforcement of such a rule is imperatively necessary; and as a matter of public policy, the recognition of such a rule is of equal if not greater importance. Greenhood, Public Policy, p. 302.

"A public officer is impliedly bound to exercise the powers conferred on him with disinterested skill, zeal and diligence, and primarily for the benefit of the public. It is also the duty of a public officer having an appointing power to make the best available appointment, and, in such a case, the right of appointment is not in any sense the property of the officer possessing the appointing power. It is the policy of the law to secure the utmost freedom from personal interest or undue influences in the selection of public officers, whether elective or appointive. Hence it is the sale or absolute transfer of an office is prohibited, and that threats, bribery and other kindred influences used to obtain an office are made criminal; also that all contracts in restraint of the appointing power or of the elective franchise are void." *Hornung* v. *State, ex rel. Gamble,* 116 Ind. 458, 462 (19 N. E. 151, 2 L. R. A. 510).

"No precedent in this State holds jurisdiction in the particular case essential to establish the crime

of bribery, when the defendant had general power, as an officer, to act in like cases upon proof of a particular fact; and we decline to follow such courts in other States as have so held. The weight of authority is the other way. We do not hold that the defendant is estopped from denying that he had jurisdiction, but, as his action was in the apparent line of his duty as a public officer, was official in form and intended to be official in fact, that he was guilty, if he accepted a bribe, whether he had jurisdiction or not. Any other rule would be a reproach to the law, for it would encourage official corruption, and tend to subvert the honest administration of justice. The offense of the defendant, whether he was with or without jurisdiction, is the same in morals, and we think it is the same in the eye of the law." *People* v. *Jackson,* 191 N. Y. 293, 301 (84 N. E. 65, 15 L. R. A. [N. S.] 1173, 14 Ann. Cas. 243).

See, also, *United States* v. *Rabinowich,* 238 U. S. 78 (35 Sup. Ct. 682), and cases therein collected.

It may be of interest to note the observations of Mr. Justice Cooley on public trusts in *People, ex rel. Sutherland,* v. *Governor,* 29 Mich. 320 (18 Am. Rep. 89).

The circuit judge said:

"In my judgment there was not sufficient competent evidence before the examining magistrate to warrant a finding that the crime of conspiracy had been committed."

Earlier in the opinion he said:

"I have looked in vain in the evidence of Jacoby for some statement in which he says directly or indirectly that he and defendant entered into an agreement to bribe Collins."

"As is usual in cases of this character the proofs relied upon to establish the conspiracy were circumstantial," *People* v. *Schultz,* 210 Mich. 297, 301,

but as there said, the facts and circumstances, if believed, justify an inference that defendant and Dr. Jacoby were working together in a common understanding to induce Dr. Jones to pay money with which they, or one of them, proposed to bribe Collins and "the conspiracy is complete when it is formed and the guilt or innocence of the conspirators does not depend upon the success of the enterprise." *People* v. *Gilman,* 121 Mich. 187 (46 L. R. A. 218, 80 Am. St. Rep. 490).

Sufficient evidence was produced at the examination to show conspiracy, it not being necessary at that time to establish the guilt of the defendant beyond a reasonable doubt. *People* v. *Rice,* 206 Mich. 644.  Further, as said by Mr. Justice POTTER in *People* v. *Dellabonda,* 265 Mich. 486, 491:

"Primarily the question of probable cause is for the consideration of and determination by the examining magistrate.  This court may not agree with the findings of such magistrate but it has no right to substitute its judgment for his except in case of a clear abuse of discretion.  We cannot say there was an abuse of discretion on the part of the examining magistrate and decline to hold he erroneously bound appellant over for trial."

The people claim error as to the exclusion of certain testimony.  In view of the foregoing, it is unnecessary to pass upon this question except to say that the correct rule was recently stated by Mr. Justice NELSON SHARPE in *People* v. *Knoll,* 258 Mich. 89, pages 94 and 96.

The order quashing the information is set aside and respondent remanded for trial.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.