PEOPLE *v.* JACKSON.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—PROBABLE CAUSE.

There must be good reason to believe the accused guilty of the crime charged to authorize an examining magistrate to bind an accused over for trial (CL 1948, § 766.13).

2. SAME—PRELIMINARY EXAMINATION—PROBABLE CAUSE.

Probable cause for holding one charged with crime has been defined as "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a person accused is guilty of the offense with which he is charged" (CL 1948, § 766.13).

3. SAME—PRELIMINARY EXAMINATION—TERMINOLOGY.

A statement by an examining magistrate at preliminary examination on charge of murder must be viewed in its context, since niceties in terminology should not thwart the law enforcement process where the record establishes that the examination and the justice's return complied sufficiently with statutory and case law requirements (CL 1948, §§ 750.317, 766.13).

4. SAME—PRELIMINARY EXAMINATION—PROBABLE CAUSE.

Claim by defendant, found guilty of second-degree murder, that the examining magistrate's finding of probable cause was defective because the magistrate stated that it was reasonable to believe that defendant "might" be guilty of such charge, rather than that there was probable cause to believe that he was guilty of such charge, *held*, without merit, where a review of the statement, in its context, clearly establishes that the examination and the justice's return sufficiently complied with

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 21 Am Jur 2d, Criminal Law § 443.
[3] 21 Am Jur 2d, Criminal Law § 442 *et seq.*
[5–7] 21 Am Jur 2d, Criminal Law § 449 *et seq.*

statutory and case law requirements, particularly where the record indicates that the word "might" was used in connection with magistrate's belief of defendant's guilt, and not as to the finding of probable cause (CL 1948, §§ 750.317, 766.13).

5. SAME—PRELIMINARY EXAMINATION—SUFFICIENCY OF EVIDENCE.
   Magistrate may bind a defendant over to circuit court for trial, if it shall appear from the proofs at preliminary examination that an offense not cognizable by a justice of the peace has been committed, and that there is probable cause for charging defendant therewith (CL 1948, § 766.13).

6. SAME—PRELIMINARY EXAMINATION—SUFFICIENCY OF EVIDENCE.
   It is not required that a justice of the peace find the guilt of an accused established beyond a reasonable doubt in order to bind him to circuit court for prosecution, it being sufficient if he determines that the offense charged has been committed and that there is probable cause to believe that defendant is guilty (CL 1948, § 766.13).

7. SAME—PRELIMINARY EXAMINATION—EVIDENCE—FINDINGS OF EXAMINING MAGISTRATE.
   Claim of defendant, convicted of second-degree murder, that there was insufficient evidence at the preliminary examination to justify the magistrate's finding of probable cause that defendant was guilty of the crime charged *held*, without merit, where the evidence established that the deceased and defendant were both inmates of Marquette prison, that the 2 engaged in a heated argument which resulted in a fight, that after the fight was broken up by another, defendant left the room and obtained a butcher knife from a guard in the kitchen where he worked, and that the stabbing occurred some 3 to 5 minutes after the termination of the fight when defendant returned to the room where the fight occurred, stabbing the deceased and another, since such evidence sufficiently established probable cause that the crime of second-degree murder had been committed and that defendant was guilty thereof (CL 1948, §§ 750.317, 766.13).

Appeal from Marquette; Davidson (Bernard H.), J. Submitted Division 3 May 11, 1967, at Marquette. (Docket No. 1,756). Decided December 1, 1967. Leave to appeal denied May 14, 1968. See 380 Mich 769.

Charles Jackson, Jr., was convicted of manslaughter. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Edward A. Quinnell,* Prosecuting Attorney, for the people.

*DeFant & Bridges (John R. Weber,* of counsel), for defendant.

HOLBROOK, J.   Defendant-appellant was found guilty of manslaughter by a jury and sentenced to a term of 10 to 15 years.   Aided by court appointed counsel, defendant, Charles Jackson, Jr., appeals to this Court asking two questions with reference to his preliminary examination: (1) Was the magistrate's finding of probable cause on the charge of second-degree murder defective?   (2) Was there sufficient evidence adduced at the preliminary examination to sustain a finding of probable cause that the defendant was guilty of second-degree murder?

The relevant facts as adduced at the preliminary examination are as follows: Defendant, an inmate of Marquette prison, kept a radio in his locker for another inmate, Ronald Eley.   The radio had been purchased by Eley from inmate Robert Larson.   On January 8, 1965, inmate Larson "sold" the radio again to inmate Herbert Douglas.   That same day, accompanied by Douglas, Larson went to Jackson and obtained the radio from him by representing that Eley knew and approved of the transaction.   Later that day, Jackson discovered Larson's deception when Eley denied knowledge and approval of the sale.   Around 3 p.m., Douglas, Eley, and Larson became engaged in a heated argument over Larson's deception.   A subsequent argument led to a fight in the officer's dining room between defendant Jackson and Larson.   Forks and broken chinaware were used.   Exactly who initiated this particular fight is unclear: inmate Edward Loney testified that Jack-

son began the fight, while inmate Melvin Coffey testified that Larson began the fight. Loney also participated in the fight; first by removing several forks from Jackson's hand and then by landing a punch on Jackson's jaw.

When the fighting ceased, Larson and Loney went to the main dining room. Within the space of 3 to 5 minutes after the fight, Jackson went to the kitchen, checked out a butcher knife, entered the main dining room, and stabbed Loney in the back. Seconds later, he also stabbed Larson, inflicting knife wounds in the chest and groin areas. Larson died a couple of days thereafter.

Inmate Jackson was charged with first-degree murder. At the close of the preliminary examination, defendant's counsel moved that the complaint and warrant be quashed because of insufficient evidence as to a homicide charge and, in the alternative, that the complaint and warrant be quashed as to any charge greater than manslaughter. The prosecutor then requested that the charge of second-degree murder be substituted for that of first-degree murder. The examining magistrate granted this request, denied defendant's counsel's motions and bound defendant over to circuit court on a charge of second-degree murder.

In circuit court, defense counsel filed a motion to quash and dismiss the information asserting that the evidence introduced at the preliminary examination was insufficient to sustain a finding of probable cause as to defendant committing the crime of second-degree murder. The motion was denied in a written opinion. Thereafter, defendant stood mute on arraignment, was tried by a jury and found guilty of manslaughter.

1. *Was the magistrate's finding of probable cause on the charge of second-degree murder defective?*

Defendant's position here is that the examining magistrate misunderstood the concept of "probable cause" in that his concept of "probable cause" was not in keeping with the judicially accepted definition found in the landmark case of *People* v. *Dellabonda* (1933), 265 Mich 486, 490:

"To authorize the examining magistrate to bind appellant over for trial there must have been good reason to believe appellant guilty of the crime charged. Some cases hold a *prima facie* case against the accused must be made out. This Court has not defined what constitutes probable cause, leaving each case to be determined upon its facts. Bouvier defines probable cause as, 'A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a person accused is guilty of the offense with which he is charged.' 3 Bouvier's Law Dictionary (Rawle's 3d Rev) p 2728." Also, see *People* v. *Karcher* (1948), 322 Mich 158.

At the conclusion of the preliminary examination, the examining magistrate stated orally:

"The court finds that there is probable cause to bind this defendant over to the circuit court on the charge of murder in the second degree. I think there was sufficient breaking in the original fight, the defendant did have the chance to get into the kitchen, he decided to get a knife and appeared normal enough to the officer in charge that he was able to get the knife, and he voluntarily walked back into the room where the two men were, one standing and one seated. I think that is a jury question rather than a question for this court on a preliminary examination. I feel that it is reasonable to believe that the defendant might be guilty of this charge of murder in the second degree and I think this case should be sent over to the circuit court on this ground and I make that ruling and will send the case over and he is remanded to the warden's custody."

It appears that defendant's position rests on a technicality—*i.e.*, claiming that the use of the word "might" by the examining magistrate evidences a misunderstanding on his part of the concept of "probable cause." We find a similar question to have been put before this Court in *People* v. *Wolfe* (1967), 5 Mich App 543. A consideration of the above oral statement of the examining magistrate *in its entire context* leads us to dispose of the present question in the words of Judge Fitzgerald in *People* v. *Wolfe, supra,* appearing at p 553:

> "Niceties in terminology should not thwart the law-enforcement process and we hold that the examination as shown by the record and the justice's return complied sufficiently with the statutory and case law requirements of this State."

Further, we note that the word "might" is used in connection with the belief of the examining magistrate as to defendant's guilt *and not as to a finding of probable cause.*

2. *Was there sufficient evidence adduced at the preliminary examination to sustain a finding of probable cause that the defendant was guilty of second-degree murder?*

Defendant contends that there was not sufficient evidence on the preliminary examination to justify a finding of probable cause as to defendant's being guilty of second-degree murder. In *People* v. *Ray* (1966), 2 Mich App 623, we considered the evidence required upon examination to warrant binding a defendant over for trial in circuit court, and stated therein as follows at p 627:

> "The test, upon preliminary examination, is stated by Mr. Justice Carr in the case of *People* v. *Asta* (1953), 337 Mich 590, on p 609 as follows:
> " 'Under the statute relating to preliminary examinations (CL 1948, § 766.13 [Stat Ann 1954 Rev

§ 28.931]) the magistrate may bind a defendant, or defendants, over to the circuit court for trial if it shall appear from the proofs that an offense not cognizable by a justice of the peace has been committed, and that there is probable cause for charging defendant, or defendants, therewith. In the instant case it was not required that the justice find the guilt of the defendants established beyond a reasonable doubt. *People* v. *Hirschfield,* 271 Mich 20, 27; *People* v. *Wilkin & Walsh,* 276 Mich 679, 687. It was essential, however, under the provisions of the statute, to determine that the offense charged had been committed, and that there was probable cause to believe that defendants were guilty.' "

On review of the testimony presented at the preliminary examination, we find sufficient evidence permitting the examining magistrate to find that the crime had been committed and probable cause to charge the defendant therewith.

"It has been so often stated it seems unnecessary to repeat that the only requirement, as a condition to holding one to trial for the commission of an alleged crime, is that the testimony taken before the examining magistrate shall be such as justifies him in concluding the crime charged has been committed, and that there is probable cause to believe the accused is the guilty party. *People* v. *Rice,* 206 Mich 644. The testimony taken before the examining magistrate measured up to this requirement." *People* v. *Gerndt* (1928), 244 Mich 622, 630.

In addition, the "justice's return to circuit court on examination," signed by the examining magistrate, stated:

"It was made to appear to me, the said municipal judge that said offense was committed as charged in said complaint and warrant, and that there was probable cause to believe said accused person to have been guilty thereof."

In *People* v. *Matthews* (1939), 289 Mich 440, 444, 445, Mr. Justice NORTH stated as follows:

"While the examination before the justice was pending, he made the announcement that he found there was probable cause to believe the offense charged had been committed and he would bind defendant over to the circuit court for trial. Obviously this statement of the justice did not constitute full compliance with the statutory requirement that on an examination the prosecutor must show that the offense charged has been committed and that there is probable cause to believe that it was committed by the accused. CL 1929, § 17205 (Stat Ann § 28.931). But notwithstanding this preliminary announcement of the justice, he subsequently made written return to the circuit court that the testimony before him disclosed the offense charged had been committed and there was probable cause to believe defendant herein was guilty thereof. This was a proper return and was justified by the testimony taken on the examination; at least appellant has not demonstrated the contrary. There was no error in this particular."

Upon a complete review of the testimony presented before the examining magistrate we are constrained to hold that the evidence justified a finding of probable cause as to second-degree murder.

Affirmed.

FITZGERALD, P. J., and BURNS, J., concurred.