PEOPLE v. JAMES

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—FAILURE TO SWEAR WITNESS.

Failure to administer the oath to a witness at a preliminary examination, as well as later administering the oath at an *ex parte* hearing, violated the express statutory mandate requiring the examination of a witness "on oath in the presence of the prisoner" (MCLA § 766.4).

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—PURPOSE.

The purpose of a preliminary examination is to establish that the crime charged has been committed and that there is probable cause to believe that the defendant is the guilty party.

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—PROBABLE CAUSE—FAILURE TO SWEAR WITNESS.

Refusal to quash the information against the defendant and strike the preliminary examination was not error even though one witness had testified at the preliminary examination without having the statutorily required oath administered to her where sufficient competent evidence was presented at the preliminary examination to establish the commission of the offense and probable cause that the defendant committed the crime (MCLA § 766.4).

4. CRIMINAL LAW—PRELIMINARY EXAMINATION—RIGHT AGAINST SELF-INCRIMINATION.

A defendant cannot be compelled to testify at his preliminary examination (US Const, Am 5; Const 1963, art 1, § 17).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 290–292.
[2] 21 Am Jur 2d, Criminal Law §§ 443, 444.
[3] 21 Am Jur 2d, Criminal Law §§ 446, 449.
[4, 6] 21 Am Jur 2d, Criminal Law §§ 359, 367, 449.
[5, 7] 21 Am Jur 2d, Criminal Law §§ 343, 344, 367.

5. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—PRE-
LIMINARY EXAMINATION TESTIMONY—USE AT TRIAL.

> Testimony given by a defendant at his preliminary examination
> for the sole purpose of defeating a finding of probable cause
> can be used at trial whether or not the defendant testifies at
> trial.

6. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—PRE-
LIMINARY EXAMINATION.

> A defendant's decision to testify at his preliminary examina-
> tion does not prevent him from asserting his right not to tes-
> tify at trial (US Const, Am 5).

7. CRIMINAL LAW—RIGHT AGAINST SELF-INCRIMINATION—PRELIMI-
NARY EXAMINATION TESTIMONY—USE AT TRIAL—RESTRICTIONS.

> A defendant's testimony at his preliminary examination is not
> admissible at his trial if it was made to suppress evidence
> allegedly illegally seized or if it was induced by the prosecu-
> tor's use of an involuntary confession (US Const, Am 5).

Appeal from Macomb, Frank E. Jeannette, J.
Submitted Division 2 December 14, 1970, at
Lansing. (Docket No. 7875.) Decided January 20,
1971. Leave to appeal denied April 16, 1971. 384
Mich 829.

George Earl James was convicted of second-
degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief
Appellate Lawyer, and *Don L. Milbourn,* Assistant
Prosecuting Attorney, for the people.

*Harry L. Burkart,* for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and
HOFF,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Bronson, P. J. Defendant was arrested and charged with first-degree murder. Following a seven-day jury trial in Macomb County Circuit Court, defendant was found guilty of murder in the second degree. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). Defendant appeals as a matter of right.

Defendant raises two issues on appeal:

(1) Whether the trial court erred by denying defendant's motion to quash the information; and

(2) Whether the trial court erred by admitting into evidence the testimony of defendant taken at the preliminary examination.

On January 13, 1969, a preliminary examination was held. At the examination, the prosecutor called two witnesses, Mrs. Harrison and the complaining witness, Mr. Strickland. Both witnesses had been present when the defendant allegedly shot the deceased. The defendant, George Earl James, was represented by counsel at the preliminary examination and voluntarily elected to take the stand and to testify on his own behalf.

The record reveals that by inadvertence Mrs. Harrison was not administered the oath prior to testifying at the preliminary examination as required by MCLA § 766.4 (Stat Ann 1954 Rev § 28.922). No objection was made by defense counsel. Mrs. Harrison was cross-examined by defense counsel. On the basis of testimony presented at the preliminary examination, the examining magistrate bound the defendant over for trial on the charge of first-degree murder.

Four days after the preliminary examination, an *ex parte* hearing was held, at which time Mrs. Harrison was belatedly administered the oath. Mrs. Harrison testified under oath that her former testimony was accurate and truthful. Although neither

defendant nor his counsel were present at this *ex parte* hearing, the examining magistrate and the prosecutor stated for the record that the defense counsel had no objection to this procedure.

Prior to defendant's trial, defendant's counsel withdrew from the case and the court appointed another attorney to represent the defendant. Defendant's appointed attorney presented the motions to strike the preliminary examination and to quash the information on the basis that Mrs. Harrison's testimony was not taken under oath as required by statute. Furthermore, defense counsel argued that the oath administered at the *ex parte* hearing did not cure the error because defendant, being absent from the hearing, was denied his Sixth Amendment right to confront his accuser. US Const, Am 6. See Const 1963, art 1, § 20.

We agree with defendant's contention that the procedure by which Mrs. Harrison's testimony was received, as well as the subsequent *ex parte* hearing, violated the express statutory mandate which requires that the examination of a witness be "on oath in the presence of the prisoner". MCLA § 766.4 (Stat Ann 1954 Rev § 28.922).[1] However, we do not agree with defendant's argument that the trial court erred by denying defendant's motion to quash the information and strike the preliminary examination.

The purpose of the preliminary examination is to establish that the crime charged has been committed and that there is probable cause to believe that the accused is the guilty party. See *People* v. *Gerndt* (1928), 244 Mich 622; *People* v. *Jackson* (1967), 8 Mich App 643. Totally disregarding the incompe-

---

[1] Arguably, the failure of defense counsel to object to the unsworn testimony at the preliminary examination and apparent consent to the *ex parte* hearing held to correct the oversight constituted a waiver of defendant's right to object. See *Mettetal* v. *Hall* (1939), 288 Mich 200.

tent testimony of the unsworn witness, Mrs. Harrison, a review of the testimony of the sworn witness, as well as defendant's own testimony, provides sufficient grounds to bind the defendant over for trial. Even granting the fact that Mrs. Harrison's testimony was incompetent, sufficient competent evidence was presented to establish the commission of the offense and probable cause that defendant committed the crime. See *People* v. *Rice* (1919), 206 Mich 644; *People* v. *Matthews* (1939), 289 Mich 440.

At trial, over objection by defense counsel, the prosecutor was permitted to read to the jury the entire transcript of defendant's preliminary examination testimony. Defendant did not take the stand at trial and defense counsel argues on appeal that the reading of the preliminary examination transcript constituted a violation of the defendant's Fifth Amendment right against self-incrimination. We disagree.

In the instant case, defendant, while represented by counsel, *voluntarily* took the stand at the preliminary examination. Defendant apparently took the witness stand in an attempt to exonerate himself, but in the course of his examination defendant made certain inculpatory statements. Defendant, of course, could not be compelled to testify at the preliminary examination. US Const, Am 5; Const 1963, art 1, § 17. See MCLA § 600.2159 (Stat Ann 1962 Rev § 27A.2159). Experience indicates that this tactic is rarely employed. However, testimony given by the defendant at the preliminary examination for the sole purpose of defeating a finding of probable cause can be used at trial, whether defendant testifies at trial or not. See *Powers* v. *United States* (1911), 223 US 303 (32 S Ct 281, 56 L Ed 448); *People* v. *Butler* (1897), 111 Mich 483.

Defendant's decision to testify at the preliminary examination does not prevent the defendant from asserting his Fifth Amendment right not to testify at trial.  See 8 Wigmore, Evidence, § 2273, pp 450, 451, § 2276, pp 456, 459; McCormick, Evidence, § 131, pp 274–276 (1954).  See, also, *In re Mark* (1906), 146 Mich 714.  However, the Fifth Amendment does not preclude the use of testimony voluntarily given by the defendant under the solemnity of oath at the preliminary examination.

In *Harrison* v. *United States* (1968), 392 US 219, 222 (88 S Ct 2008, 2010; 20 L Ed 2d 1047, 1051), the Court, although specifically referring to defendant's testimony at a former trial, stated:

"A defendant who chooses to testify *waives his privilege against compulsory self-incrimination with respect to the testimony he gives,* and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of the *lawful evidence* adduced against him."  (Emphasis supplied.)

Defendant does not contend that his voluntary testimony at the preliminary examination was motivated by unlawful evidence presented against him.  The instant case is not similar to the situation where the defendant testifies for the purpose of suppressing evidence allegedly seized in violation of the Fourth Amendment.  *Simmons* v. *United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247).  Nor was defendant's testimony induced by the prosecution's use of an involuntary confession.  *Harrison* v. *United States, supra.*  In the latter situations, provided timely objections are made, defendant's testimony could not be admitted against him at trial on the issue of guilt.  *Simmons* v. *United States, supra; Harrison* v. *United States, supra.*

In this case the trial court properly admitted into evidence the transcribed testimony of the defendant, given under oath, while represented by counsel at the defendant's preliminary examination.

Judgment affirmed.

All concurred.