Cavanagh, J.
(concurring in part and dissenting in part). I agree with the majority that the phrase “public offices held by a public official” encompasses positions of public employment. Also, I agree that the defendant’s positions as delinquent property tax coordinator and township trustee both constitute “public offices held by a public official” as defined in the incompatible offices act (ioa), MCL 15.181(b). Therefore, I join parts h(a) and n(B) of the majority opinion. However, I disagree with the majority’s conclusion that the defendant’s holding of dual offices did not violate the IOA. Rather, I agree with the courts below that the defendant’s offices were impermissibly incompatible, and would affirm summary disposition in favor of the plaintiff. Therefore, I respectfully dissent from part n(c) and the result of the majority opinion.
i
Section (2) of the incompatible public offices act prohibits a public officer or public employee from holding two or more incompatible offices simultane *168 ously. MCL 15.182. “Incompatible public offices” are defined at MCL 15.181(b) as follows:
“Incompatible offices” mean public offices held by a public official which, when the official is performing the duties of any of the public offices held by the official, results in any of the following with respect to those offices held:
(i) The subordination of one public office to another.
(ii) The supervision of one public office by another.
(iii) A breach of duty of public office.
Only subsection (iii) is presently at issue. Specifically, we are faced with whether a violation of the IOA occurred when the defendant, in her capacity as township trustee, chose to vote in favor of a motion to have the township continue to collect its own taxes.
The majority holds that the defendant did not breach a duty of public office by voting in favor of allowing the township to continue collecting its own taxes because the vote did not result in contractual negotiations or create a contractual relationship between the county and the township. The majority’s position springs from 1979-1980 OAG No 5626, 537 (January 16, 1980), in which the Attorney General distinguished the common law from the IOA. According to the Attorney General, the common law prohibited a single person from holding dual positions of influence with public entities that had authority to contract with one another, whereas the IOA finds incompatibility only when the performance of the duties of the offices results in a breach of duty of public office. The primary distinction, the Attorney General opined, is that the common law focused on the offices themselves, while the IOA focuses on the officer’s actions. As such, the Attorney General rea *169 soned that incompatibility does not arise until the two public entities actually enter into contractual negotiations with each other. Also, the Attorney General noted that, in such cases, the public officer can avoid breaching the duty of loyalty by abstaining from consideration of the contract.
I cannot agree with the majority that the statutory violation in this case arose merely from the fact that the township and the county had the ability to contract with one another. Further, I disagree with 1979-1980 OAG No 5626, 537 (January 16, 1980), to the extent that it implies that, in cases involving an officer who holds positions with two entities that have.the ability to contract with one another, the performance of an officer’s duties can only result in a breach at the point at which two entities enter into contract negotiations with each other. Nowhere does the ioa provide that public offices will be incompatible only when a party holding the public offices is placed on the competing ends of a contract or contract negotiations. The focus is instead on whether a duty has been breached.
Public officials are charged with a variety of duties, the breach of which may potentially result in an ioa violation. Though a public official’s decision to participate in contract negotiations is one example of a situation where a breach of duty of public office may arise, the statutory language simply does not support the assertion that it is the only example.
Even assuming that subsection (iii) supports a finding of incompatibility only when an officer’s performance of his duties bears upon the competing entities’ abilities to contract with one another, the majority fails to recognize that a vote to decide whether the township should be allowed to continue collecting its *170 own taxes is a decision against entering a contract to have someone else collect taxes. Though the vote in question did not explicitly mention the possibility that the township could alternatively enter into a contract allowing Macomb County to collect taxes, the result of the vote was the same as if the question had been “should the township collect its own taxes or should the township cohtract with Macomb County?” In either case, the vote foreclosed the possibility that the county would be enabled to collect taxes.
For these reasons, I believe that our focus must extend beyond the question whether a contractual relationship has been entered between the county and the township. Instead, we should consider whether the contested action, here a vote to decide who is responsible for collecting taxes, amounts to the performance of one duty and the breach of another.[1]
n
Having decided that our focus should be on the statutory language, we must next determine what constitutes a breach and whether a breach occurred in this case. The majority adopts the Court of Appeals view that “a breach of duty arises when a public official holding dual offices cannot protect, advance, or promote the interest of both offices simultaneously.” Ante at 164. The cited basis for this premise is that public officers are fiduciaries who owe a duty of loyalty to the public. The majority then concludes that two public offices will not be deemed incompatible simply because one official represents two constitu *171 encies, each of which may have interests that conflict with the other’s interests. Instead, the majority holds, an actual breach must exist.
I agree with the majority that the question under subsection (iii) of the ioa is not whether a particular officer might potentially face a conflict of interest or breach of duty at some undetermined point in the future. The statutory use of the word “breach” and the phrase “is performing the duties” imply that an officer’s performance is relevant to whether an ioa violation has occurred. Similarly, the use of the word “results” implies that a situation actually must have arisen in which the officer has breached one duty through the performance of another. For this reason, the ioa does seem to support the proposition that an actual event must trigger the breach contemplated by subsection (iii). For example, had the township never considered whether it should collect its own taxes, the defendant’s duties as tax coordinator would only potentially conflict with her duties as township trustee. However, at the moment the township took up the tax question, the vote that occurred had an effect on the township itself and on the township’s relationship (or nonrelationship) with the county. I believe that the majority errs in concluding that no breach existed in this case.
The circuit court recognized a problem that the majority does not. It held:
In the instant matter, a situation has arisen involving both of defendant’s offices which has resulted in a breach of her public duty. The issue of whether to allow Macomb County to collect delinquent property taxes — and related fees, expenses, interest, penalties and other charges — has been presented to the Harrison Township Board of Trustees. Defendant’s vote on this issue as a township trustee *172 impacts her interests as a delinquent personal property tax coordinator for the county. This conflict is unavoidable and defendant can not protect, advance, or promote the interests of both her offices with disinterested skill, zeal and diligence. [Emphasis added.]
The circuit court decision was based on the premise that the defendant’s decision to vote on the measure resulted in the breach of her duty to the county.[2]1 do not believe that the circuit court committed an error requiring reversal in holding that the defendant’s decision to vote in her capacity as trustee affected her duties as delinquent property tax coordinator.
Even the majority acknowledges that “[b]y voting on the motion, defendant breached a duty of loyalty to Macomb County.” Ante at 166, n 15. The majority further implicitly recognizes the predicament created by the vote when it submits that the defendant “should have abstained from voting on the motion.” Id. However, the majority summarily dismisses the defendant’s breach in a footnote. Id.[3]
I cannot join the majority’s dismissal of the defendant’s breach.[4] Given the statutory language, I fail to *173 see how the breach can be excused. Rather, the defendant’s actions constitute a breach under the majority’s own test. She could not “protect, advance, or promote the interest of both offices simultaneously” as the majority purports to require. Ante at 164. Unlike the majority, I believe that the defendant’s decision to vote triggered the ioa, and that her offices are incompatible. Therefore, I would affirm summary disposition in favor of the plaintiffs.
Weaver and Kelly, JJ., concurred with Cavanagh, J.

 While the majority believes that my approach invites mischief, I believe that it is an approach required by the legislative language. Cries of mischief should, therefore, be directed toward the Legislature.

 As the circuit court recognized, a township trustee is duty bound to carry out the business of the township as an agent and fiduciary of the township. See People v Hirschfield, 271 Mich 20, 25; 260 NW 106 (1935). In the present controversy, the question is whether the defendant’s decision to carry out the business of the township by voting on a motion to continue the township’s tax collection policy breached a duty she owed either to the township or to the county.

 Contrary to the majority’s assertion, I believe that an actual, rather than potential, breach occurred in this case.

 Similarly, I cannot agree that the harm can be remedied by declaring that the defendant “should have abstained.” In so concluding, the majority implicates a number of questions that are not before this Court. Arguably, the defendant became unable to avoid a breach of duty once the vote arose. It is also arguable that a decision to abstain would have, in itself, illustrated the defendant’s inability to serve the interests of the township. See, e.g., Contesti v Attorney General, 164 Mich App 271; 416 NW2d 410 (1987), quoting OAG 1979-1980, No 5626, 545 (January 16, 1980), for the *173 proposition that abstention may eliminate a conflict of interest, but not incompatibility of offices. In any event, we need not decide the issue because the defendant did actually vote.